916 F.2d 1462
 90-2 USTC P 50,520
 Edward D. CHRISTENSEN, Plaintiff-Appellant,
v.
Brent D. WARD, C. William Ryan, Tena Campbell, Randy G.
Durfee, Richard A. Jones, Bruce Jenkins, David K. Winder,
David Sam, Calvin Gould, Daniel A. Alsup, Ronald N. Boyce,
Carol Fay, D.E. Pecorella, Frank Pritchett, Linda S.
Jernigan, Lawnie C. Mayhew, Dennis Rees Packard, and John
and Jane Does 1 Through 100, Defendants-Appellees.
Edward D. CHRISTENSEN, Plaintiff-Appellant,
v.
Walter T. McGOVERN, John C. Merkel, David B. Bukey, Jean S.
Anderson, Robert M. Taylor, Clifford J. Wallace, Thomas
Tang, David Thompson, Edwin Meese, III, Kirk C. Lusty, Jules
G. Korner, III, John P. Moore, Oliver Seth, Wayne E. Alley,
Michael L. Paup, William H. Rehnquist, Byron R. White,
William J. Brennan, Harry A. Blackmun, Thurgood Marshall,
John Paul Stevens, Anthony M. Kennedy, Sandra D. O'Connor,
Antonin Scalia, and John and Jane Does 1 Through 100,
Defendants-Appellees.
 Nos. 89-4099, 89-4100.
 United States Court of Appeals,
Tenth Circuit.
 June 29, 1990.
Certiorari Denied Dec. 3, 1990.
 
 See 111 S.Ct. 559.
 Edward D. Christensen, plaintiff-appellant, pro se.
 Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, Jonathan S. Cohen, and Howard M. Soloman, Tax Div., U.S. Dept. of Justice, Washington, D.C.; Dee V. Benson, U.S. Atty., of counsel, Salt Lake City, Utah, for defendants-appellees.
 Before LOGAN, SEYMOUR and ANDERSON, Circuit Judges.
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 These cases are another chapter in Mr. Christensen's quarrel with the government over federal taxes, including his conviction and imprisonment for failure to file returns beginning in 1972, the subsequent assessment of taxes against him, and the collection of his liabilities through the seizure and sale of property. Having had or, in some instances, having waived his day in court on the merits of both civil and criminal proceedings against him, all without success, Mr. Christensen has now sued almost everyone in the government who has disagreed with him, from the Supreme Court to IRS agents. One suit was filed in state court and removed to federal court. The other suit was filed in federal court. The district court opinions filed on May 8 and June 2, 1989, copies of which are attached hereto, identify the parties sued and describe and address Mr. Christensen's contentions in detail. For the reasons set forth in the district court's opinion of June 2, 1989, the court granted the respective defendants' motions to dismiss pursuant to Fed.R.Civ.P. 12(b) and 56.[1]
 
 
 2
 On appeal Mr. Christensen raises the following issues:
 
 
 3
 1. Whether Case No. 88-C-0934J was properly removed from State Court to Federal Court?
 
 
 4
 2. Whether acts of Defendants was [sic] properly certified by the Attorney General, as within scope of duty?
 
 
 5
 3. Whether dismissal without jury trial was error?
 
 
 6
 4. Whether bias in the District Court denied Christensen due process of law?
 
 
 7
 5. Whether dismissal of Christensen's cases was lawful?
 
 
 8
 We affirm the decision of the district court in these cases substantially for the reasons, and on the authorities, contained in the district court's opinions attached hereto. It is unnecessary to determine whether the lack of a formal certification by the Attorney General in addition to the unmistakable position of the Department of Justice in pleadings filed in these actions, prevents the applicability of 28 U.S.C. Sec. 2671, et seq. Based on the allegations of the complaints the defendants are clearly immune from suit. Mr. Christensen's Seventh Amendment right to a jury trial was not abridged, because, as explained in the district court's opinions, the complaints failed as a matter of law to present an issue for trial. See Fed.R.Civ.P. 12(b) and 56. Finally, the allegation of bias against the district judge, citing 28 U.S.C. Sec. 455, lacks merit for multiple reasons including the fact that it is based essentially on the improper ground that the district court disagreed with Mr. Christensen's contentions, and ruled against him. See Willner v. University of Kansas, 848 F.2d 1023 (10th Cir.1988), cert. denied, 488 U.S. 1031, 109 S.Ct. 840, 102 L.Ed.2d 972 (1989). The conclusory allegation of lack of due process fails to add any additional dimension to the issue.
 
 
 9
 The government has requested sanctions for a frivolous appeal, and Mr. Christensen has had an opportunity to respond in his reply brief. Clearly, Mr. Christensen's argument concerning the absence of a certificate by the Attorney General is not frivolous, although not dispositive of any issue before us. However, the basic rationale underlying Mr. Christensen's actions and arguments, both below and in this court, compels our attention because he has been unsuccessfully reurging the same rationale in the courts, in one guise or another, since the 1970's.
 
 
 10
 Mr. Christensen believes that he has no obligation to file income tax returns, that federal employees have no authority to pursue collection of the tax, and that federal courts have no constitutional grant of jurisdiction relating to such matters. Examples of his arguments in the cases before us are illustrative:
 
 
 11
 A law requiring individuals to file returns of their income, private financial information, with public employees would be in conflict with both the Fourth and Thirteenth Amendments of the U.S. Constitution.
 
 
 12
 Reply Brief of Appellant at 6.
 
 
 13
 Those who would cite the Sixteenth Amendment are destitute of mentality because the power to lay and collect Taxes, as provided in the Sixteenth Amendment, is totally different from the power to require individuals to report their private financial information to government employees.
 
 
 14
 Id. at 5.
 
 
 15
 Defendants were negligent in failing to research the law, which would have revealed that income Tax filing requirements did not apply to Plaintiff....
 
 
 16
 Complaint, R.Vol. II, Tab I at 3, par. 9.
 
 
 17
 Defendant Sam violated the liberty provision of the Constitution ... by finding a liability without citing a law making Plaintiff liable for the income Tax, which there is none.
 
 
 18
 Memorandum in Support of Motion to Vacate Memorandum Opinion, Order and Judgment, R.Vol. II, Tab 26 at 6-7.
 
 
 19
 The power to require Edward D. Christensen to make income Tax returns is not delegated to the United States by the Constitution, nor is it reasonably to be implied from the power to lay and collect Taxes, an entirely different subject.
 
 
 20
 Memorandum and Conclusions of Law in Support of Motion to Vacate Sentence, January 9, 1986, R.Vol. I, Tab 12 at 13.
 
 
 21
 The United States had no standing in court.... This Court [United States District Court for the Western District of Washington] had no jurisdiction.
 
 
 22
 Id. at 12.
 
 
 23
 The United States is not a named party to this action and its sovereignty, which is limited to the seat of government, federal enclaves, possessions and territories, is not relevant to this action.
 
 
 24
 Objections to Motion to Dismiss and Motion for Summary Judgment, R.Vol. I, Tab 12 at 8.
 
 
 25
 The injuries complained of in Case No. 10339 did not ocur [sic] on property ceeded [sic] to the U.S. by the State of Utah, therefore the U.S. District Court does not have exclusive jurisdiction over the case.
 
 
 26
 Objections to Petition for Removal, R.Vol. II, Tab 4 at 2.
 
 
 27
 Further, this Court must have jurisdiction over the persons. Neither the Plaintiff nor any of the Defendants live on a federal enclave in the State of Utah where the United States has exclusive territorial jurisdiction, therefore this Court lacks jurisdiction over all persons.
 
 
 28
 Id. at 3.
 
 
 29
 The only controversy that federal courts may consider between citizens of the same state is the one "between citizens of the same State claiming lands under Grants of different States", and that does not apply to Plaintiff's case. (See Article III of the Constitution) Therefore Congress cannot confer jurisdiction of federal courts to determine controversies between citizens of the same state, other than the one case above mentioned, according to Hudson and Goodwin supra.
 
 
 30
 Id. at 4.
 
 
 31
 As indicated above, Mr. Christensen had an opportunity to test those or similar arguments on the merits in his criminal case, Tax Court case and collection cases. The problem is that he refuses to accept the finality of the decisions against him in those cases. The history of his litigiousness on the point includes the following.
 
 
 32
 With respect to his criminal conviction, Mr. Christensen knowingly waived his right to a direct appeal. Transcript of Proceedings in No. CR77-276S, R.Vol. I, Tab 12, at pp. 2, 4. Thereafter, he pursued collateral challenges to that conviction on three separate occasions. By an order entered on October 17, 1978 in Civil No. C78-560L, Christensen's motion under 28 U.S.C. Sec. 2255 to vacate, set aside or correct his sentence was denied. By an order entered on November 13, 1978 in Civil No. 699L, Christensen's second motion under 28 U.S.C. Sec. 2255 for the same relief was denied. A third motion purportedly under Fed.R.Civ.P. 60(b), for the same relief, was filed in 1986 and denied on October 23, 1986. See United States v. Christensen, (W.D.Wash. Oct. 23, 1986) (order to dismiss); R.Vol. I, Tab 12. All of the foregoing docket numbers refer to dockets in the United States District Court for the Western District of Washington.
 
 
 33
 The Tax Court filed its decision upholding taxes and penalties against Mr. Christensen on November 22, 1982. Christensen appealed to this court which dismissed the appeal for failure to prosecute. Christensen v. Commissioner, No. 83-1227, slip. op. (10th Cir. Aug. 17, 1983). Christensen then petitioned for a writ of certiorari to the United States Supreme Court which denied the petition. 465 U.S. 1037, 104 S.Ct. 1313, 79 L.Ed.2d 710 (1984). Thus, the Tax Court decision became final and unreviewable. Yet, almost four years after the judgment was entered, Christensen filed a motion the Tax Court to vacate the judgment. In his motion he reasserted his original claims. The Tax Court denied the petition. Christensen then appealed once again to this court which affirmed the Tax Court and imposed sanctions against Christensen in the amount of $3,383.79 for filing a legally frivolous appeal. Christensen v. Commissioner, No. 86-2788, slip. op. (10th Cir. Dec. 23, 1987). To date those sanctions remain unpaid.
 
 
 34
 In addition to the appeals just listed, Mr. Christensen has filed five other appeals in this court, and one in the Ninth Circuit, all relating to his federal income tax controversy: United States v. Christensen, No. 87-2158, slip op. (10th Cir. Feb. 24, 1988) (appeal dismissed for lack of jurisdiction); United States v. Christensen, No. 84-2459, slip op. (10th Cir. March 4, 1985) (affirming judgment of the district court directing the sale of 1,293 silver dollars in partial satisfaction of Christensen's tax liabilities), cert. denied, 475 U.S. 1018, 106 S.Ct. 1203, 89 L.Ed.2d 316 (1986); Christensen v. United States, No. 84-2503, slip op. (10th Cir. March 4, 1985) (affirming judgment of the district court denying Christensen's motion to vacate two writs of entry pursuant to which IRS Agents seized personal property in partial satisfaction of Christensen's tax liability), cert. denied, 475 U.S. 1018, 106 S.Ct. 1203, 89 L.Ed.2d 316 (1986); Christensen v. Commissioner, No. 80-2302, slip op. (10th Cir. May 7, 1981) (denying Christensen's Petition for a Writ of Mandamus against the Commissioner of Internal Revenue and the Chief Judge of the Tax Court); Christensen v. Commissioner, No. 80-1065, slip op. (10th Cir. Jan. 26, 1981) (dismissing an appeal from the Tax Court); and United States v. Christensen, 831 F.2d 303 (9th Cir.1987), cert. denied, 485 U.S. 1035, 108 S.Ct. 1595, 99 L.Ed.2d 910 (1988).
 
 
 35
 Now we have before us yet again Mr. Christensen's persistent attack on these final judgments, using the same arguments he lost on originally to support a claim that judges and employees in the executive branch were wrong on the law. Summarizing his main thesis, Mr. Christensen states in his reply brief:
 
 
 36
 During the years that Defendants injured Christensen, 26 U.S.C., Sec. 6012, excepted individuals from making returns (see record). This was brought to the attention of Defendants McGovern, Anderson, Taylor, Wallace, Tang, Thompson, Korner, III, Moore, Seth, Alley, Paup, Rehnquist, White, Brennan, Blackmun, Marshall, Stevens, Kennedy, O'Connor, Scalia, Ward, Ryan, Campbell, Jenkins, Winder, Sam, Gould, Boyce, Lusty and Fay. All disregarded it, which denied Christensen his right to redress his grievances.
 
 Mr. Christensen further states:
 
 37
 Defendant McGovern [Judge, U.S. District Court] violated the Constitution by depriving Plaintiff of his liberty (imprisonment) without court jurisdiction and without crime that applied to him. He did not secure the blessings of liberty to Plaintiff. And when his error was brought to his attention, he denied Plaintiff redress of his grievance. All judges and justices in the Appeals Courts denied Plaintiff redress of grievances without citing constitutional authority to so deny, which there is none. Such acts are violations of the Constitution, by usurpation. Defendant Jenkins [Judge, U.S. District Court] violated the constitutional purpose to establish justice by authorizing the seizure and sale of 1293 silver dollars beloging [sic] to Plaintiff when he knew that Plaintiff had been falsely convicted and without jurisdiction. Defendant Winder [Judge, U.S. District Court] violated the constitutional purpose to establish justice and the purpose to secure the blessings of liberty to Plaintiff when he affirmed the seizure warrants issued by Defendant Gould [U.S. Magistrate] without citing a law that made Plaintiff liable for the income tax. By relying on a false alleged assessment both Defendants Gould and Winder violated the liberty provision of the Constitution by denying Plaintiff protection of the laws. Defendant Sam [Judge, U.S. District Court] violated the liberty provision of the Constitution by denying Plaintiff protection of the laws, by rejecting numerous Court decisions which has established that federal courts have no jurisdiction beyond that spelled out in the Constitution, by accepting a suit against Plaintiff for an alleged assessment that could not have been made according to law, by taking cognizance of a second suit based upon the same false alleged assessment for the same amount after more that $200,000 worth of property had been seized and sold in the Gould and Winder action and by finding a liability without citing the Gould and Winder action and by finding a liability without citing a law making Plaintiff liable for the income tax, which there is none. Then when Plaintiff proved that he had paid three times the per capita taxes for his entire life, to that time, Defendants Boyce [U.S. Magistrate] and Sam disregarded it, all in violation of the justice provision of the Constitution. Defendants Boyce and Sam violated the Fourth Amendment of the Constitution by ruling that it did not protect Plaintiff from deposition clearly contrary to the absence of any words in the Fourth Amendment which could be so construed. Said act violated Plaintiff's right to protection of the law and violated the liberty provision of the Constitution, supra.
 
 
 38
 I.R.S. employees and Defendant Korner [Judge, U.S. Tax Court] violated the justice and liberty provisions of the Constitution and also statutes of the United States when they established a false liability against Plaintiff contrary to Title 26 U.S.C. and then made a false assessment from said false liability, all without citing any law making Plaintiff liable for the income tax. Defendant Kohner [sic] again violated the Constitution by denying Plaintiff's redress of grievance when he stamped Plaintiff's motion to vacate his Memo "DENIED" where proof of his error was clear.
 
 
 39
 Motion to Vacate Memorandum Opinion and Order of June 1, 1989 and Judgment of June 8, 1989. R.Vol. II, Tab 26 at pp. 6-7.
 
 
 40
 It is apparent from the history of this litigation that Mr. Christensen will not accept the judgment of the courts. The cases before us are not only another example of that fact, they yield insight into Mr. Christensen's thinking. The district court patiently explained its reasoning, with supporting authority, in two opinions running thirty pages in length. In response, Mr. Christensen characterizes the cases cited against him as "garbage decisions" and with respect to the laws in question he states: "Such laws, for lack of a better term, are 'garbage laws' which corrupt the law books and undermine those laws which are pursuant to the Constitution. The same is true of Rules and court decisions which are not pursuant to the Constitution." Brief of Appellant at 15, 17.
 
 
 41
 The district court did not impose sanctions against Mr. Christensen, but warned him that he is "edging toward the line where sanctions are warranted for frivolous, insupportable suits." R.Vol. II, Tab 24 at 23. We think Mr. Christensen has crossed that line, especially since he is reurging positions which we have previously determined to be frivolous, and for which we imposed sanctions. He is clearly determined to continue to litigate the same arguments which have been repeatedly rejected, by simply repackaging those arguments and adding new defendants. This court has the power to impose sanctions such as costs, attorneys fees and double costs for the filing of frivolous appeals, Fed.R.App. P. 38, and the inherent power to impose sanctions that are necessary to regulate the docket, promote judicial efficiency, and most importantly in this case, to deter frivolous filings. Van Sickle v. Holloway, 791 F.2d 1431, 1437 (10th Cir.1986). See also Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir.1989). As in Van Sickle v. Holloway, we think that the following sanctions are appropriate: (1) Double costs are imposed against Mr. Christensen; (2) Mr. Christensen is prohibited from filing any further complaints in the United States District Court for the District of Utah, or any appeals in this court, that contain the same or similar allegations as those set forth in his complaints and other pleadings in the cases at bar (including any direct or indirect challenge to the previous court proceedings or judgments referred to herein), and the clerks of those courts are directed to return any such complaints or appeals to Mr. Christensen without filing; and (3) Mr. Christensen shall pay to the Clerk of the United States Court of Appeals for the Tenth Circuit $500.00 as a limited contribution to the United States for the cost and expenses of this action.
 
 
 42
 Although Mr. Christensen has already had an opportunity to respond to a request for sanctions, he has not been able to address the specific sanctions proposed herein. See Braley v. Campbell, 832 F.2d 1504 (10th Cir.1987).
 
 
 43
 Accordingly, the clerk is directed to issue an order requiring Mr. Christensen to show cause why the above sanctions should not be imposed. Mr. Christensen's response will be limited to five pages. If the response is not received by the clerk within ten days from the filing of this opinion, the sanctions will be imposed. See Van Sickle v. Holloway, 791 F.2d at 1437.
 
 
 44
 Within 14 days of the date of this order appellees shall file an itemized and verified bill of costs with proof of service. The judgments of the district court entered in Nos. 89-4099 and 89-4100 are AFFIRMED. The mandate shall issue forthwith.APPENDIX
 
 IN THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF UTAH
 Civil Action No. 88-C-0883-G
 
 45
 Edward D. Christensen,
 
 
 46
 Plaintiff,
 
 
 47
 v.
 
 
 48
 Walter T. McGovern; John C. Merkel; David B. Buckey; Gene
 
 
 49
 S. Anderson; Robert M. Taylor; Clifford J. Wallace;
 
 
 50
 Thomas Tang; David Thompson; Edwin Meese, III; Kirk C.
 
 
 51
 Lusty; Jules G. Korner, III; John P. Moore; Oliver Seth;
 
 
 52
 Wayne E. Alley; Michael L. Paup; William H. Rehnquist;
 
 
 53
 Byron R. White; William J. Brennan; Harry A. Blackmun;
 
 
 54
 Thurgood Marshall; John Paul Stevens; Anothony M. Kennedy;
 
 
 55
 Sandra D. O'Connor; Antonin Scalia; and Jane and John
 
 
 56
 Does 1 through 100,
 
 
 57
 Defendants.
 
 
 
 Civil Action No. 88-C-0934-J
 Edward D. Christensen,
 Plaintiff,
 v.
 Brent D. Ward; C. William Ryan; Tena Campbell; Randy G.
 Durfee; Richard A. Jones; Bruce Jenkins; David K. Winder;
 David Sam; Calvin Gould; Daniel A. Alsup; Ronald N.
 Boyce; Carol Fay; D.E. Pecorella; Frank Pritchett; Linda
 S. Jernigan; Lawnie C. Mayhew; Dennis Rees Packard; and
 John and Jane Does 1 through 100,
 Defendants.
 MEMORANDUM OPINION AND ORDER
 Filed June 2, 1989
 Sherman G. Finesilver, Chief Judge[1]
 These two cases are before the court on motions to dismiss, filed by the United States Department of Justice on behalf of the various defendants, pursuant to Rules 12(b) and 56 of the Federal Rules of Civil Procedure. Plaintiff filed a motion for summary judgment in Christensen v. McGovern, et al.
 The litigation arises from plaintiff's conviction for failure to file income tax and subsequent tax assessments, levies and seizures of real and personal property. As a result of these criminal and civil tax matters, plaintiff served a two year prison sentence and forfeited a farm, farm equipment and 1293 silver dollars. Defendants presided over, prosecuted, or otherwise participated in the actions against plaintiff. Defendants are Justices of the Supreme Court of the United States, several judges of the United States District Courts, Tax Court, and Court of Appeals, attorneys of the Internal Revenue Service, and Department of Justice, United States Attorneys, and several agents of the Internal Revenue Service. Plaintiff alleges that negligent research and application of the law on the part of twenty-three (23) federal justices, judges, and magistrates, twelve (12) government attorneys, and six (6) Internal Revenue Agents led to the false prosecution of a tax crime before a court lacking jurisdiction, false assessment documents, false levies, and the wrongful seizure of real and personal property. The complaints in both cases allege liability in common law tort for negligent breach of a federal employee's duty to fully and faithfully execute the laws of the United States. Plaintiff seeks economic and non-economic damages.
 Christensen v. McGovern, et al., was filed September 29, 1988, in the United States District Court for the District of Utah, alleging diversity of citizenship. ("McGovern "). The McGovern defendants filed a motion to dismiss on December 8, 1988. Christensen v. Ward, et al., was filed in Utah state court on September 7, 1988 and removed by the federal defendants on October 12, 1988, pursuant to 28 U.S.C. Secs. 1442(a)(1) and 1442(a)(3). ("Ward "). The Ward complaint names as defendants various, judges magistrates and attorneys allegedly residing in the State of Utah. After the cases were assigned by designation to a non-party judge, Chief Judge Jenkins joined the other Ward defendants by filing his own motion to dismiss on March 8, 1989. Argument on the motions to dismiss, and on plaintiff's motion for summary judgment in McGovern, was heard in Salt Lake City, Utah.
 During oral argument on the pending motions, plaintiff again renewed his motion to remand Ward to state court. In two previous orders, we found that removal of the Ward case was proper. See Christensen v. Ward, et al., No. 88-C-0934-J, slip ops. (D.Utah March 24, 1989, May 5, 1989). The motion is again denied. By invoking the jurisdiction of the federal court to hear claims against a federal officer, a federal officer does not waive the right to question the effect of immunity doctrine on subject matter jurisdiction. Minnesota v. United States, 305 U.S. 382, 388-89, 59 S.Ct. 292, 295-96, 83 L.Ed. 235 (1939); Special Prosecutor of the State of New York v. United States Attorney, 375 F.Supp. 797, 801 (S.D.N.Y.1974). Defendants may properly question the general authority of any court to grant the relief sought without undermining their right to have immunity defenses determined in federal court. See Mesa v. California, 489 U.S. 121, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989) (distinguishing removal and subject matter jurisdiction). The matter is properly before this court and motions to dismiss filed in both cases are ripe for determination.
 In this joint memorandum opinion and order, we find, beyond a reasonable doubt, that neither complaint states claims which entitle plaintiff to relief against any defendant. Both complaints must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.
 I.
 Constitutionality of Immunity Doctrine
 In both cases, each defendant relies on the doctrine of official, judicial, or prosecutorial immunity as grounds to dismiss plaintiff's claims. Plaintiff contends that immunity defenses are unconstitutional. Plaintiff relies on select provisions of the Constitution and Declaration of Independence as the basis for his position. Plaintiff contends (1) immunity doctrine is court-made law, and thus can not be applied to divest rights conferred by the constitution since the authority to legislate is vested in Congress, and (2) the common law doctrine has no foundation in the constitution and is in conflict with constitutional guarantees that all men are entitled to equal protection and due process in regard to privileges and immunities, citizens shall be afforded access to the courts to redress grievances and injuries and that plaintiff is entitled to due process of law.
 Although a pro se plaintiff's pleadings and arguments are to be liberally construed, plaintiff has cited no authority in support of the proposition that common law immunity doctrine is unconstitutional.[2] To the contrary, courts have held otherwise. Furthermore, Congress recently codified the doctrine of absolute immunity, reversing the Supreme Court authority which held that certain acts of government employees are entitled to the lesser protection of qualified immunity. See Robinson v. Egnor, 699 F.Supp. 1207, 1214 (E.D.Va.1988); 28 U.S.C. Sec. 2679(b)(1) (as amended); Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub.L.
 The Reform Act provides that whenever an employee of the United States is sued as an individual in common law tort for acts committed within the scope of their employment, the exclusive remedy is against the United States. 28 U.S.C. Sec. 2679(b)(1) (as amended); see also Newman v. Soballe, 871 F.2d 969, 971 (11th Cir.1989). The statute is designed to confer personal immunity from tort liability upon that class of federal employees who are not protected by other statutes and whose functions would not be viewed as "discretionary" under the principles of Westfall v. Erwin, 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988). Newman v. Soballe, 871 F.2d at 971; Robinson, 699 F.Supp. at 1214-15. As to such employees, the statute provides for the substitution of the United States as the appropriate defendant where sovereign immunity is otherwise waived under the Federal Tort Claims Act. 28 U.S.C. Sec. 2679(d)(1) (as amended). The express terms of the statute and the legislative history demonstrate that the statute is designed to have retroactive effect on cases filed and claims arising prior to its enactment November 18, 1988. Midland Nat'l Bank v. Conologue, No. 83-1707-K, slip op., 1989 WL 31439 (D.Kan. Mar. 22, 1989); Reform Act, Pub.L. 100-694, Sec. 8 (Effective Date), 102 Stat. 4563, 4564 (Nov. 18, 1988). The statutory immunity extends to employees of the executive departments, and the judicial and legislative branches of the federal government. 28 U.S.C. Sec. 2671 (as amended). The statute also recognizes and adopts the common law of judicial and legislative immunity as defenses available to the United States as a substitute defendant. 28 U.S.C. Sec. 2674 (as amended). Plaintiff's contention that the doctrine of immunity is unconstitutional unless enacted by Congress has been rendered moot by the statute.
 The Constitution does not create a fundamental right to pursue specific tort actions. Logan v. Zimmerman Brush Co., 455 U.S. 422, 432-33, 102 S.Ct. 1148, 1155-56, 71 L.Ed.2d 265 (1982); Edelstein v. Wilentz, 812 F.2d 128, 131 (3d Cir.1987). The Open Access Clause of the First Amendment, providing citizens with the right to redress grievances, focuses on procedural impediments to the exercise of existing rights and does not prevent a court from holding that a plaintiff has no remedy at law for the injuries he may allege. Bowman v. Niagara Machine and Tool Works, Inc., 832 F.2d 1052, 1054 (7th Cir.1987) (constitution guarantees access rather than success); Doe v. Schneider, 443 F.Supp. 780, 788 (D.Kan.1978).
 In terms of equal protection and due process, the common law doctrine of immunity is not unconstitutionally arbitrary and capricious. The distinction between governmental and nongovernmental defendants, and the doctrine of immunity itself, are rationally related to the substantial governmental interest in allowing judges, prosecutors, and government agents to serve effectively by concentrating on the business of government unfettered by the threat of burdensome personal litigation as a result of their decisions. Reform Act, Pub.L. 100-694, Sec. 2 (Findings and Purposes), 102 Stat. 4563, 4564 (Nov. 18, 1988); see also Edelstein v. Wilentz, 812 F.2d 128, 132 (3d Cir.1987) (immunity rules adopted by state supreme court in bar disciplinary proceedings); Daughtry v. Arlington County, Va., 490 F.Supp. 307, 313 (D.D.C.1980) (challenge to absolute immunity by police officers afforded only qualified immunity).
 Official immunity is a necessary extension of the doctrine of sovereign immunity, protecting officials sued as individuals for acts taken under the authority of the sovereign. See Gilbert v. DaGrossa, 756 F.2d 1455 (9th Cir.1985). The doctrine of sovereign immunity is inherent in the status of the government as a sovereign. Heller v. United States, 776 F.2d 92, 98 (3d Cir.1985), cert. denied, 476 U.S. 1105, 106 S.Ct. 1948, 90 L.Ed.2d 358 (1986); see Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1871) (judicial immunity, deeply rooted in the precedent of common law countries, is applicable in federal courts). Because the doctrine of immunity is inherent in the status of the government as sovereign, we reject plaintiff's contention that it must be founded on specific passages of the Constitution.
 Accordingly, we find that the doctrine of sovereign immunity, as embodied in the common law and the Reform Act, is constitutional. If applicable to these cases, the doctrine will not deny plaintiff any rights guaranteed by the Constitution of the United States.
 II.
 Christensen v. Ward, et al.
 Defendants have filed two motions to dismiss. Defendants assert procedural and jurisdictional grounds for dismissal. Plaintiffs pro se complaint is reviewed by a cautious standard of whether "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which will entitle him to relief." Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972).
 A. Procedural Grounds for Dismissal.
 Defendants contend that various defects in service of process and pleading entitle them to dismissal pursuant to provisions of Rule 12(b) of the Federal Rules of Civil Procedure. The alleged defects relate to (1) service of process in actions against the United States or its officers, pursuant Rule 4(d), and (2) pleading in compliance with the short and plain statement of the facts requirement of Rule 8(d). Plaintiff responds that federal pleading and service standards should not apply to his complaint since Ward was initiated in state court under the Utah Rules of Civil Procedure. Because we find other grounds to resolve the matter, we need not address the issue.
 B. Failure to State a Claim.
 Defendants contend that the case must be dismissed for failure to state a claim upon which relief can be granted. The government contends that each category of defendants--federal judges, federal prosecutors, and employees of the Internal Revenue Service ("IRS")--are absolutely immune from suit in the nature of that alleged in the complaint.
 
 
 [1]
 Immunity of Federal Judges and Magistrates
 Six of the defendants in the Ward case are alleged to have negligently researched the law while presiding over matters related to the seizure of real property, farm equipment, and 1293 silver dollars. The judicial defendants are Chief Judge Jenkins, Judge Winder, Judge Sam, Magistrate Gould, Magistrate Alsup, and Magistrate Boyce, all of the United States District Court for the District of Utah.[3]
 Under the common law, judges are absolutely immune from suit on any claim based on the conduct of their office, including allegations that a decision is erroneous, malicious, or in excess of their judicial authority. Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1104-05, 55 L.Ed.2d 331 (1978); Van Sickle v. Holloway, 791 F.2d 1431, 1435-36 (10th Cir.1986). The immunity attaches if (1) the acts complained of are judicial in nature, and (2) the court had jurisdiction over the subject matter of the case. Id. The standard remains applicable to judicial defendants under the Reform Act. 28 U.S.C. Secs. 2671, 2674 (as amended).
 In Ward, the acts complained of are judicial in nature. The complaint challenges the care used in performing the duties of federal judges, alleging defendants were negligent in researching the law applicable to plaintiff and his tax situation. See Van Sickle v. Holloway, 791 F.2d 1431, 1435-36 (10th Cir.1986).
 The acts complained of occurred during proceedings within the jurisdiction of the United States District Court for the District of Utah. 28 U.S.C. Sec. 1340 provides district courts original jurisdiction over any civil matter arising under the Internal Revenue Code. 28 U.S.C. Sec. 1345 provides district courts original jurisdiction over any action commenced by the United States, unless otherwise provided by Congress. Rather than limiting that jurisdiction, Sec. 7402(a) of the Internal Revenue Code, Title 26, specifically confers jurisdiction on the district court over the issuance of orders, process and judgments under the tax code.
 As to claims against Chief Judge Jenkins, even if we accept plaintiff's contention that the matter was in the nature of a criminal penalty, the seizure action was not beyond the subject matter jurisdiction of the federal courts. It is well settled that federal district courts have exclusive jurisdiction under 18 U.S.C. Sec. 3231 for crimes established by the provisions of the Internal Revenue Code, Title 26. United States v. Tedder, 787 F.2d 540, 542 (10th Cir.1986); United States v. Koliboski, 732 F.2d 1328, 1329-30 (7th Cir.1984); United States v. Drefke, 707 F.2d 978, 980-81 (8th Cir.), cert. denied sub nom, 464 U.S. 942, 104 S.Ct. 359, 78 L.Ed.2d 321 (1983). Plaintiff's interpretation of the Revision Notes to the various statutes is unpersuasive.
 The judicial defendants are absolutely immune from liability for the injuries alleged to have resulted from their conduct in presiding over matters related to plaintiff's responsibilities under the tax code. The applicable law demonstrates beyond a reasonable doubt that plaintiff can prove no set of facts which would entitle him to relief for this judicial conduct. As against these defendants, the complaint must be dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).
 
 
 [2]
 Immunity of Federal Prosecutors
 Five of the defendants in the Ward case are alleged to have negligently researched the law while representing the United States in matters related to the assessment of plaintiff's tax liability, and the seizure of real property, farm equipment, and 1293 silver dollars. United States Attorney Ward, Assistant United States Attorneys Campbell and Ryan represented the government before the United States District Court. IRS Attorneys Durfee and Jones represented the government in proceedings before the United States Tax Court.[4]
 Judicial immunity also protects attorneys presenting matters before the court from liability for conduct necessary to the normal advocacy function. Butz v. Economou, 438 U.S. 478, 512, 98 S.Ct. 2894, 2913, 57 L.Ed.2d 895 (1978). These immunities extend to trial preparation and other "activities intimately associated with the judicial phase" of the advocacy process. Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 994, 47 L.Ed.2d 128 (1976). Accordingly, the two part test for judicial immunity shifts only slightly in this context--government attorneys are absolutely immune if (1) the actions complained of are intimately associated with the judicial phase of the advocacy process, and (2) the attorney had duty to bring such prosecution. Murphy v. Morris, 849 F.2d 1101, 1104-05 (8th Cir.1988); Barr v. Abrams, 810 F.2d 358, 361 (2d Cir.1987); Lerwill v. Joslin, 712 F.2d 435, 437-41 (10th Cir.1983).[5]
 The complaint challenges the care used in performing the duties of federal government attorneys, alleging defendants were negligent in researching the law applicable to plaintiff and his tax situation. Preparation and research of legal arguments presented in tax related hearings, including the determination of a tax assessment, are necessary to the advocacy function. Murphy, 849 F.2d at 1104-05; Lerwill, 712 F.2d at 437-41.
 Internal Revenue Service enforcement actions are within the prosecutorial responsibilities of United States Attorneys. Rylander v. Wilkins (Defendants), 80-1 U.S.T.C. p 9141, 83 at 128, 1979 WL 1530 (E.D.Cal.1979). Internal Revenue Service attorneys are authorized to practice before the United States Tax Court. Plaintiff's assertion that the Tax Court lacks constitutional jurisdiction over individual tax liability is without merit. Sparrow v. Commissioner, 748 F.2d 914, 915 (4th Cir.1984) (citing cases and applying standards of Northern Pipeline ); Crain v. Commissioner, 737 F.2d 1417, 1417-18 (5th Cir.1984); Knighten v. Commissioner, 705 F.2d 777, 778 (5th Cir.), cert. denied, 464 U.S. 897, 104 S.Ct. 249, 78 L.Ed.2d 237 (1983).
 The applicable law demonstrates beyond a reasonable doubt that plaintiff can prove no set of facts which would entitle him to relief against these government attorneys for negligence in conduct necessary to the advocacy function. Accordingly, claims against the United States Attorney, the Assistant United States Attorneys, and the IRS attorneys must be dismissed. Plaintiff has failed to state claims upon which relief may be granted. Fed.R.Civ.P. 12(b)(6).
 
 
 [3]
 Immunity of Internal Revenue Service Agents
 Although the complaint is unclear in regard to the specific proceedings out of which the alleged liability arises, plaintiff asserts claims against six employees of the Internal Revenue Service. The IRS defendants are District Director Fay, and "IRS employees" Pecorella, Pritchett, Jernigan, Mayhew, and Packard.[6]
 Defendants contend that they are absolutely immune from suit on each of the discretionary functions described in the complaint. See Westfall v. Erwin, 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988). We agree. In light of the Reform Act and the statutory abolition of the distinction between absolute and qualified immunity as applied to federal employees, it is unnecessary to determine whether the functions of which plaintiff complains are discretionary or ministerial. See Yalkut v. Gemignani, 873 F.2d 31, 34 (2d Cir.1989).[7]
 The complaint seeks damages for breach of an agency official's duty to faithfully execute and research the law applicable to plaintiff's tax liability, and the assessments, levies and seizures effected against him. Under the Reform Act, IRS employees are absolutely immune from monetary damages arising from common law torts causing personal injury or loss of property. Id., 873 F.2d at 33; 28 U.S.C. Sec. 2679(b)(1) (as amended). Whether an act is included within the scope of an IRS agent's employment is subject to a broad test of whether the conduct at issue: (1) bears some reasonable relationship or connection to the official's duties and responsibilities, and (2) is not manifestly or palpably beyond the official's authority. Yalkut v. Gemignani, 873 F.2d 31, 34 (2d Cir.1989); Robinson v. Egnor, 699 F.Supp. 1207, 1215 (E.D.Va.1988); see also Nietert v. Overby, 816 F.2d 1464, 1466 (10th Cir.1987) (absolute immunity standards prior to the Reform Act).
 Acts of which plaintiff complains are clearly related to the official duties and responsibilities of the IRS defendants. Decisions to initiate, prosecute or continue proceedings such as audits and assessments are the official duties of IRS agents. Ringer v. Basile, 645 F.Supp. 1517, 1527 (D.Colo.1986); see Bothke v. Fluor Engineers & Constructors, Inc., 713 F.2d 1405 (9th Cir.1983) (absolute immunity for interpretive application of tax regulations); Jackman v. D'Agostino, 669 F.Supp. 43, 46 (D.Conn.1987); Chamberlain v. Krysztof, 617 F.Supp. 491, 493 n. 3 (N.D.N.Y.1985). The authority to collect assessed taxes by levy is specifically delegated to IRS agents. Yalkut v. Gemignani, 873 F.2d 31, 34 (2d Cir.1989) (citing relevant statutes and regulations).
 The acts were not manifestly or palpably beyond the authority of the IRS defendants. The agent's decisions were confirmed upon review by the judicial defendants. Ringer v. Basile, 645 F.Supp. 1517, 1527 (D.Colo.1986) (absolute immunity for prosecution of audits and assessments especially applicable where the prosecution is later subject to litigation). Furthermore, plaintiff does not allege that the methods applied by the agents were unique or aberrational, but that the agent's negligence failed to disclose the fact that the methods did not apply to him as a non-taxpayer. IRS agents have the authority to assess and collect taxes and these agents acted within that authority by applying established procedures for that purpose. See United States v. Tender, 787 F.2d 540, 541 (10th Cir.1986); Yalkut, 873 F.2d at 34.
 We reject plaintiff's contention as to these and all other defendants that the power to do "injury" to an individual lies beyond the scope of any federal employee's authority. The analysis focuses on the nature of the conduct giving rise to the alleged injury and not on the fact that injury has been a result. See Mesa v. California, 489 U.S. 121, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989); Westfall v. Erwin, 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988).
 Defendants also contend that if plaintiff's complaint could be construed in any way to allege constitutional torts, such torts are not cognizable against the IRS defendants. See Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (federal officials may be liable for violations of constitutional rights). As a general proposition, constitutional tort remedies are not available against IRS agents because such claims would interfere with the effective functioning of the specific statutory remedies provided for actions against the agency. See Bush v. Lucas, 462 U.S. 367, 388-90, 103 S.Ct. 2404, 2416-18, 76 L.Ed.2d 648 (1983); Cameron v. I.R.S., 773 F.2d 126, 128 (7th Cir.1985). Specific statutory analysis is unnecessary, however. Federal agents are immune from suit under a Bivens action when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Assessment and levy pursuant to statutory procedures and subject to judicial review do not violate any clearly established right to due process. Yalkut v. Gemignani, 873 F.2d 31, 34-35 (2d Cir.1989) (citing cases). A Bivens action may not lie on allegations like those of plaintiff that an IRS agent made a mistake of law. Flank v. Sellers, 661 F.Supp. 952, 954-55 (S.D.N.Y.1987).
 The applicable law and the agents' reliance on the review and orders of the court demonstrates beyond a reasonable doubt that plaintiff can prove no set of facts which would entitle him to relief for this judicial conduct. Each IRS defendant is absolutely immune from suit on the conduct alleged. Claims against the District Director and employees of the Internal Revenue Service are dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).
 III.
 Christensen v. McGovern, et al.
 Claims alleged in plaintiff's second complaint are more difficult to discern than those alleged against the Ward defendants. Plaintiff asserts general allegations against several defendants for prosecuting and presiding over criminal and civil litigation regarding his tax liabilities. Plaintiff brings the case in diversity, alleging common law liability against justices the United States Supreme Court, judges of the United States District Court for the Western District of Washington, of the United States Tax Court, and of the Courts of Appeals for the Ninth and Tenth Circuits.[8] Plaintiff also brings claims against various government attorneys prosecuting matters before these courts. The common thread of the complaint is that each party is alleged to have negligently researched the law, breaching their duties to fully and faithfully execute the law, and injuring plaintiff through the denial of rights to tranquility, property, etc. Plaintiff alleges that proper research would have disclosed the fact that plaintiff was not required to pay tax on certain income.
 Defendants present four grounds for dismissal: (1) improper service of process, (2) lack of subject matter jurisdiction due to sovereign immunity, (3) failure to state a claim due to judicial and prosecutorial immunity, and (4) failure to comply with short and plain statement of facts requirement of Rule 8(a). Plaintiff responded to the motion by moving for summary judgment against defendants. The motion refers to transcripts, pleadings, and orders of the several courts from which this matter arises.
 Plaintiff's motion for summary judgment is denied. Plaintiff's arguments and submissions do not establish that he is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56.
 A. Procedural Grounds for Dismissal.
 As to dismissal for insufficient service of process, plaintiff contends (1) service of process is moot because defendants have voluntarily appeared through the United States Attorney, and (2) service on the United States was not required because defendants are sued as individuals, not in their official capacity.
 Unlike the Ward complaint, the Federal Rules apply to this action, originating in federal court. We agree that the complaint states claims against certain defendants in their official capacities, and that failure to serve the government pursuant to Rule 4(d) divests this court's subject matter jurisdiction over those claims. See Stafford v. Briggs, 444 U.S. 527, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980); Dugan v. Rank, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963); Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985); Allen v. United States, 630 F.Supp. 367, 373 (D.Kan.1984); Davis v. Federal Deposit Ins. Corp., 369 F.Supp. 277 (D.Colo.1974). Nonetheless, we have reviewed the complaint on other grounds to fully dispose of the issues raised in the motion to dismiss.
 B. Failure to State a Claim.
 The parties basically set forth the same arguments as discussed above in regard to the immunity defenses.
 
 
 [1]
 Immunity of United States Justices and Judges
 As to the Justices and Judges named in the complaint, the complaint alleges that each negligently researched, interpreted or applied the law applicable to petitions before the respective courts over which they preside. The acts complained of were judicial in nature and within the colorable jurisdiction of those courts. As discussed above, the judicial defendants are immune from allegations that their conduct caused injury, even if plaintiff had alleged that the conduct was erroneous or malicious. Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1104-05, 55 L.Ed.2d 331 (1978); Van Sickle v. Holloway, 791 F.2d 1431, 1435 (10th Cir.1986).
 As discussed above, plaintiff's assertion that 18 U.S.C. Sec. 1345 does not confer jurisdiction over the criminal tax case against him on the United States District Court for the Western District of Washington is without merit. See United States v. Tedder, 787 F.2d 540 (10th Cir.1986); United States v. Koliboski, 732 F.2d 1328, 1329-30 (7th Cir.1984); United States v. Drefke, 707 F.2d 978, 980-81 (8th Cir.), cert. denied sub nom, 464 U.S. 942, 104 S.Ct. 359, 78 L.Ed.2d 321 (1983). Similarly, plaintiff's assertion that Judge Korner lacked jurisdiction because the Tax Court is not a constitutional court with jurisdiction over his tax liability is also without merit. See Sparrow v. Commissioner, 748 F.2d 914, 915 (4th Cir.1984) (citing cases and applying standards of Northern Pipeline ); Crain v. Commissioner, 737 F.2d 1417, 1417-18 (5th Cir.1984); Knighten v. Commissioner, 705 F.2d 777, 778 (5th Cir.), cert. denied, 464 U.S. 897, 104 S.Ct. 249, 78 L.Ed.2d 237 (1983).
 The judicial defendants are absolutely immune for their conduct relating to plaintiff's tax matters. The applicable law demonstrates beyond a reasonable doubt that plaintiff can prove no set of facts which would entitle him to relief for this judicial conduct. Claims alleged against them are dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).
 
 
 [2]
 Immunity of Federal Prosecutors
 The immunity afforded the judicial defendants extends to each of the attorney defendants named in the McGovern complaint. The complaint alleges negligence in activities within the authority of United States Attorneys, Department of Justice attorneys, and IRS attorneys. Preparation and research of legal arguments presented in tax related hearings, be they before the district court or before the Tax Court, are necessary to the advocacy function. See Murphy v. Morris, 849 F.2d 1101, 1104-04 (8th Cir.1988); Lerwill v. Joslin, 712 F.2d 435, 437-41 (10th Cir.1983); Rylander v. Wilkins (Defendants), 80-1 U.S.T.C. p 9141, 83 at 128 (E.D.Cal.1979).
 The applicable law demonstrates beyond a reasonable doubt that plaintiff can prove no set of facts which would entitle him to relief for conduct necessary to the normal advocacy function. Accordingly, claims against United States Attorneys, Assistant United States Attorneys, Department of Justice attorneys, and IRS attorneys must be dismissed because plaintiff has failed to state claims upon which relief may be granted. Fed.R.Civ.P. 12(b)(6).[9]
 For the reasons stated above, the McGovern case is dismissed pursuant to Rules 12(b)(1), (5) and (6) of the Federal Rules of Civil Procedure.
 IV.
 Cross Motions for Sanctions
 Motions filed in both cases by plaintiff and defendants incorporate motions for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.[10] All motions for sanctions are denied. In the circumstances of this litigation, we find that an award of sanctions is not necessary at this time.
 By denying defendants' motion for sanctions, we do not condone plaintiff's prosecution of either complaint. Mr. Christensen continues to complain of the manner in which his responsibilities under the tax code were determined by the Internal Revenue supervisors and employees and adjudicated through criminal and civil litigation in the federal courts. Mr. Christensen has been provided a full and fair opportunity to litigate his rights and defenses in the original actions from which these complaints arise. Allegations that each of the defendants was negligent in their research of the law are at best allegations that the courts reviewing those matters made mistakes of law. The judiciary has provided Mr. Christensen with a full and fair opportunity to pursue those grievances through the appellate process. Neither the Constitution nor other authorities provide trial courts authority to hear original actions in the nature of an appeal. See Atkinson v. O'Neil, 867 F.2d 589, 590 (10th Cir.1989); Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir.1986); Van Sickle v. Holloway, 791 F.2d 1431, 1437 (10th Cir.1986). The rules of immunity go directly to protecting judges from suits like those brought by Mr. Christensen.
 Mr. Christensen's approach to this litigation indicates that his grievances and law suits will continue to include new judges and government attorneys as each case is decided against him. Mr. Christensen attempts to create law to relieve the burden of penalties he views as unjustly imposed. He wildly contends that his interpretation of statutes and case law is correct and that the various Supreme Court Justices and other federal judges reviewing his positions are wrong. Mr. Christensen creates legal theories without support of precedent while chastising lawyers and judges for following actual precedent. Although this court has decided against sanctions, plaintiff is edging toward the line where sanctions are warranted for frivolous, insupportable suits. Courts do not hesitate to impose sanctions on frivolous prosecution by pro se plaintiffs. See Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir.1989); Patterson v. Aiken, 841 F.2d 386 (11th Cir.1988); Doyle v. United States, 817 F.2d 1235, 1236-38 (5th Cir.), cert. denied sub nom, 484 U.S. 854, 108 S.Ct. 159, 98 L.Ed.2d 114 (1987); Stafford v. Commissioner, 805 F.2d 893, 894-95, 805 F.2d 895, 895-96 (10th Cir.1986); Becker v. N.L.R.B., 678 F.Supp. 406 (E.D.N.Y.1987); Peth v. Breitzmann, 611 F.Supp. 50 (E.D.Wis.1985); Young v. I.R.S., 596 F.Supp. 141 (N.D.Ind.1984); McKeown v. LTV Steel Co., 117 F.R.D. 139 (N.D.Ind.1987).
 ORDER
 IT IS HEREBY ORDERED that defendants' motions to dismiss, filed in Christensen v. Ward, et al., Civil Action No. 88-C-0934-J, on December 13, 1988 and March 8, 1989, are GRANTED; the complaint and all claims stated therein are DISMISSED WITH PREJUDICE; it is further
 ORDERED that plaintiff's motion for summary judgment, filed in Christensen v. McGovern, et al., Civil Action No. 88-C-0883-G, on December 21, 1988, is DENIED; it is further
 ORDERED that defendants' motion to dismiss, filed in Christensen v. McGovern, et al., Civil Action No. 88-C-0883-G, on December 8, 1988, is GRANTED; the complaint and all claims stated therein are DISMISSED WITH PREJUDICE; it is further
 ORDERED that cross motions for sanctions filed in each case as part of the various pending motions are DENIED, plaintiff and the government to bear their own costs;
 The Clerk of the Court is directed to enter appropriate judgments in accordance with this order.
 Done this 1 day of June, 1989 at Denver, Colorado.BY THE COURT:
 /s/ Sherman G. Finesilver
 Sherman G. Finesilver, Chief Judge
 United States District Court
 Sitting By Designation
 APPENDIX
 Catalogue of Events and Defendants[11]
 Christensen v. Ward, et al.
 Events
 . 1979 Tax Court Action to Establish Tax Liability
 . 1982 Tax Court Deficiencies Assessment
 . 1983 Action to Seize 1293 Silver Dollars
 . 1984 Action to Seize Property
 . 1986 Civil Action to Foreclose on Real Property
 Defendants and Alleged Participation
 Brent D. Ward--United States Attorney District of Utah
 . 1983 suit resulting in falsely imposed fine
 . 1984 suit on false levy resulting in loss of over $200,000 in property
 . 1986 seizure action resulting in loss of home and farm based on false document
 C. William Ryan--Assistant United States Attorney District of Utah
 . 1984 suit on false levy resulting in loss of over $200,000 in property
 Tena Campbell--Assistant United States Attorney District of Utah
 . 1983 suit resulting in falsely imposed fine
 Randy G. Durfee--Internal Revenue Service Attorney
 . 1979 suit in Tax Court resulting in false determination of tax liability and false seizure of property
 . 1982 suit in Tax Court resulting in false determination of tax deficiency and false seizure of property
 Richard A. Jones--Internal Revenue Service Attorney
 . 1979 suit in Tax Court resulting in false determination of tax liability and false seizure of property
 Chief Judge Bruce Jenkins--U.S. District Court District of Utah
 . 1983 suit resulting in falsely imposed fine
 Judge David K. Winder--U.S. District Court District of Utah
 . 1984 suit on false levy resulting in loss of over $200,000 in property
 Judge David Sam--U.S. District Court District of Utah
 . 1986 seizure action resulting in loss of home and farm based on false document
 Magistrate Calvin Gould--U.S. District Court District of Utah
 . 1984 suit on false levy resulting in loss of over $200,000 in property
 Magistrate Daniel A. Alsup--U.S. District Court District of Utah
 . 1983 suit resulting in falsely imposed fine
 Magistrate Ronald D. Boyce--U.S. District Court District of Utah
 . 1986 seizure action resulting in loss of home and farm based on false document
 Carol Fay--Internal Revenue Service District Director, Utah
 . Supervision of IRS enforcement activities
 D.E. Pecorella--Internal Revenue Agent
 . Issued false Certificate of Assessment
 Frank Pritchett--Internal Revenue Agent
 . Chained and sold farm equipment based on false assessment
 Linda S. Jernigan--Internal Revenue Agent
 . Chained and sold farm equipment based on false assessment
 Lawnie C. Mayhew--Internal Revenue Agent
 . Chained and sold farm equipment based on false assessment
 Dennis Rees Packard--Internal Revenue Agent
 . Chained and sold farm equipment based on false assessmentChristensen v. McGovern, et al.
 Events
 . 1978 Criminal Trial, Conviction and Imprisonment
 . 1982 Tax Court Deficiencies Assessment
 . 1986 Motion to Vacate Sentence to Clear Name
 . 1986 Motion to Vacate Assessment
 . 1986 Civil Action to Foreclose on Real Property
 Defendants and Alleged Participation
 Chief Judge Walter McGovern--U.S. District Court W.D. Washington
 . 1978 wrongful prosecution for failure to file income tax
 . 1986 denial of Rule 60 motion for post-judgment relief from sentence brought after sentence served "to clear defendant's good name"
 John C. Merkel--United States Attorney W.D. Washington
 . 1978 wrongful prosecution for failure to file income tax
 David B. Buckey--Assistant United States Attorney W.D. Washington
 . 1978 wrongful prosecution for failure to file income tax
 Gene S. Anderson--United States Attorney W.D. Washington
 . 1986 denial of Rule 60 motion for post-judgment relief from sentence brought after sentence served "to clear defendant's good name"
 Robert M. Taylor--Assistant United States Attorney W.D. Washington
 . 1986 denial of Rule 60 motion for post-judgment relief from sentence brought after sentence served "to clear defendant's good name"
 Judge Clifford J. Wallace--Ninth Circuit Court of Appeals
 . Affirmed 1986 denial of Rule 60 motion for post-judgment relief from sentence
 Judge Thomas Tang--Ninth Circuit Court of Appeals
 . Affirmed 1986 denial of Rule 60 motion for post-judgment relief from sentence
 Judge David R. Thompson--Ninth Circuit Court of Appeals
 . Affirmed 1986 denial of Rule 60 motion for post-judgment relief from sentence
 Judge Jules G. Korner III--United States Tax Court
 . 1982 suit in Tax Court resulting in false determination of tax deficiency and false seizure of property
 . 1986 denial of motion to vacate assessment after appeal dismissed for failure to prosecute
 Michael L. Paup--Department of Justice Tax Division Attorney
 . Appeal of 1986 denial of motion to vacate assessment
 Judge John P. Moore--Tenth Circuit Court of Appeals
 . Affirmed 1986 denial of motion to vacate assessment
 Judge Oliver Seth--Tenth Circuit Court of Appeals
 . Affirmed 1986 denial of motion to vacate assessment
 Judge Wayne E. Alley--Tenth Circuit Court of Appeals
 . Affirmed 1986 denial of motion to vacate assessment
 Kirk C. Lusty--Internal Revenue Service Attorney
 . 1986 seizure action resulting in loss of home and farm based on false document
 Edwin Meese III--United States Attorney General
 . 1986 seizure action resulting in loss of home and farm based on false document
 Chief Justice William H. Rehnquist--United States Supreme Court
 . Denied certiorari on 1986 denial of Rule 60 motion for post-judgment relief from sentence
 . Denied appeal or certiorari on dismissal for failure to prosecute appeal of 1982 deficiency assessment
 Justice Byron R. White--United States Supreme Court
 . Denied certiorari on 1986 denial of Rule 60 motion for post-judgment relief from sentence. Denied appeal or certiorari on dismissal for failure to prosecute appeal of 1982 deficiency assessment
 Justice William J. Brennan--United States Supreme Court
 . Denied certiorari on 1986 denial of Rule 60 motion for post-judgment relief from sentence
 . Denied appeal or certiorari on dismissal for failure to prosecute appeal of 1982 deficiency assessment
 Justice Harry A. Blackmun--United States Supreme Court
 . Denied certiorari on 1986 denial of Rule 60 motion for post-judgment relief from sentence
 . Denied appeal or certiorari on dismissal for failure to prosecute appeal of 1982 deficiency assessment
 Justice Thurgood Marshall--United States Supreme Court
 . Denied certiorari on 1986 denial of Rule 60 motion for post-judgment relief from sentence
 . Denied appeal or certiorari on dismissal for failure to prosecute appeal of 1982 deficiency assessment
 Justice John Paul Stevens--United States Supreme Court
 . Denied certiorari on 1986 denial of Rule 60 motion for post-judgment relief from sentence
 . Denied appeal or certiorari on dismissal for failure to prosecute appeal of 1982 deficiency assessment
 Justice Anthony Kennedy--United States Supreme Court
 . Denied certiorari on 1986 denial of Rule 60 motion for post-judgment relief from sentence
 . Denied appeal or certiorari on dismissal for failure to prosecute appeal of 1982 deficiency assessment
 Justice Sandra D. O'Connor--United States Supreme Court
 . Denied certiorari on 1986 denial of Rule 60 motion for post-judgment relief from sentence
 . Denied appeal or certiorari on dismissal for failure to prosecute appeal of 1982 deficiency assessment
 Justice Antonin Scalia--United States Supreme Court
 . Denied certiorari on 1986 denial of Rule 60 motion for post-judgment relief from sentence
 . Denied appeal or certiorari on dismissal for failure to prosecute appeal of 1982 deficiency assessment
 IN THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF UTAH
 Civil Action No. 88-C-0934-J
 Edward D. Christensen,
 Plaintiff,
 v.
 Brent D. Ward; C. William Ryan; Tena Campbell; Randy G.
 Curfee; Richard A. Jones; Bruce Jenkins; David K. Winder;
 David Sam; Calvin Gould; Daniel A. Alsup; Ronald N.
 Boyce; Carol Fay; D.E. Pecorella; Frank Pritchett; Linda
 S. Jernigan; Lawnie C. Mayhew; Dennis Rees Packard; and
 John and Jane Does 1 through 100,
 Defendants.
 ORDER
 Filed May 8, 1989
 Sherman G. Finesilver, Chief Judge[1]
 This matter comes before the court on plaintiff's motion to vacate our order of March 24, 1989, which denied plaintiff's objection to defendant's petition for removal. Plaintiff seeks economic and non-economic damages against employees of the Department of Justice and Internal Revenue Service, agencies of the United States of America, and federal Judges and Magistrates of the District of Utah. Plaintiff alleges that defendants are liable for damages caused in the wrongful assessment and prosecution of claims for federal tax. Plaintiff alleges that defendants each breached the constitutional duty to fully and faithfully execute the laws of the United States through negligent research of the law applicable to various levies, assessments, and seizures made against him.
 In our order of March 24, 1989, we held that the case was properly removed as falling within the subject matter jurisdiction of the federal courts. See 28 U.S.C. Secs. 1442(a)(1) and 1442(a)(3). The action is brought against officers of the United States courts and of United States agencies having statutory authority to collect revenue, for acts taken under color of office. Willingham v. Morgan, 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969); City of Las Cruces v. Baldonado, 652 F.Supp. 138 (D.N.M.1986); Newlin v. Dickey, Civ. A. No. 89-A-64, slip op., 1989 WL 18125 (D.Colo.1989).
 Primarily, plaintiff reasserts his objection to the jurisdiction of this federal court over suits between non-diverse parties arising under state law. These factors do not limit the jurisdictional grant of the federal officers removal statute. See Greenspun v. Schlindwein, 574 F.Supp. 1038, 1041 (E.D.Penn.1983). Although plaintiff denies that defendants' conduct actually falls within their authority, his denial does not preclude removal. Greenspun, 574 F.Supp. at 1041 n. 4; see also Willingham v. Morgan, 395 U.S. 402, 407-10, 89 S.Ct. 1813, 1816-18, 23 L.Ed.2d 396 (1969). The complaint alleges that at all relevant times, defendants were bound by the duties of federal employees "to insure domestic tranquility within the United States" and to "faithfully execute the laws of the United States." Accordingly, the focus of his complaint is on actions taken under "color of authority."
 In the pending motion to vacate, plaintiff also raises several objections to the procedural aspects of removal in this case. Because plaintiff appears on his own behalf, without counsel, we address the additional objections briefly below.
 Plaintiff contends that removal was procedurally defective because (1) removal was effected on petition of the United States as defendant although the United States is not a named party to this action, (2) the United States Attorney for the District of Utah and attorneys of the United States Department of Justice may not appear on behalf of the individual defendants to effect removal of a case between non-diverse citizens of the state of Utah, and (3) the appearance of the United States in this action is a fraudulent attempt to avoid the removal bond requirements of 28 U.S.C. Sec. 1446(d).
 As to the first point, the pertinent language of statute providing for removal of actions against federal revenue officers and judges provides "A civil action ... commenced in a State court against any of the following persons may be removed by them." 28 U.S.C. Sec. 1442(a). As the government contends, an action against a defendant personally shall be construed as an action against the United States, if the relief sought affects the actions of the defendant in his capacity as a federal employee. See Dugan v. Rank, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963); Jackman v. D'Agostino, 669 F.Supp. 43, 46 (D.Conn.1987). This proposition, arising within the context of sovereign immunity, is not wholly dispositive of the government's ability to remove a case in which federal officers and not the United States are named as defendants in the complaint. Our research indicates, however, that the United States frequently petitions for removal of federal officer cases in its own name. See, e.g., Swett v. Schenk, 792 F.2d 1447 (9th Cir.1986); City of Las Cruces v. Baldonado, 652 F.Supp. 138 (D.N.M.1986); Newlin v. Dickey, Civ. A. No. 89-A-64, slip op. (D.Colo.1989). We find this approach to be supported in the law.
 Plaintiff relies on the long-standing principle that provisions regulating the procedures for removal are to be strictly applied to insure that the federal courts do not improperly interfere with the jurisdiction of state courts. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); Fajen v. Foundation Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir.1982). In the context of the federal officer removal statute, however, the United States Supreme Court has cautioned that "the right of removal is absolute for conduct performed under the color of federal office, and has insisted that the policy favoring removal should not be frustrated by a narrow grudging interpretation [of 28 U.S.C. Sec. 1442]." Arizona v. Manypenny, 451 U.S. 232, 242, 101 S.Ct. 1657, 1664, 68 L.Ed.2d 58 (1981). The primary purpose for the removal statute is to assure that defenses of official immunity applicable to federal officers are litigated in federal court. Willingham v. Morgan, 395 U.S. 402, 406-07, 89 S.Ct. 1813, 1815-16, 23 L.Ed.2d 396 (1969). The rules applicable to federal officer removal provide the court with the discretion to look beyond the complaint and petition to determine whether the action itself should be removed, and to view the formal wording of the petition as having been amended to reflect the facts established by the record. Willingham, 395 U.S. at 407 n. 3, 89 S.Ct. at 1816 n. 3; Newlin v. Dickey, Civ. A. No. 89-A-64, slip op. (D.Colo.1989); Greenspun v. Schlindwein, 574 F.Supp. 1038, 1040 n. 3 (E.D.Penn.1983); see also Buell v. Sears, Roebuck & Co., 321 F.2d 468, 471 (10th Cir.1963) (permitting amendment of petition post-trial to conform to evidence).
 Interpreting the petition for removal of this action in accordance with these liberal rules of construction, it is clear that plaintiff's objection is to form rather than substance. The complaint alleges that defendants were negligent in their research and application of the United States Tax Code and regulations promulgated thereunder and that this negligence injured plaintiff, in part, through the wrongful assessment of tax liability and seizure of property to extinguish that liability. The government's interest in litigating immunity defenses to these claims lies in protecting the vigorous and thorough enforcement of the tax laws by Internal Revenue agents and the federal courts. See Expeditions Unlimited Aquatic Enterprises v. Smithsonian Inst., 566 F.2d 289, 292 (D.C.Cir.1977). Although not the United States is not a nominal defendant to this action, the action clearly places its position on immunity defenses in issue alongside those of the nominal defendants. See Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985). Accordingly, because the case is removable under the federal officers removal statute, the mere fact that the petition for removal is brought by the United States will not defeat removal. The petition will be read as if amended to state "The United States of America, on behalf of the federal defendants."[2]
 The interest of the government in this action is also relevant to plaintiff's second objection to the removal petition. The United States Attorney and attorneys of the Department of Justice have statutory authority to represent federal judges, officers and agencies in actions brought against them as individuals when the Department of Justice determines that the litigation effects interests of the United States. Expeditions Unlimited Aquatic Enterprises v. Smithsonian Inst., 566 F.2d 289, 292 (D.C.Cir.1977); Brawer v. Horowitz, 535 F.2d 830, 835-36 (3d Cir.1976); Miller v. Johnson, 541 F.Supp. 1165, 1172 (D.D.C.1982); 28 U.S.C. Secs. 516, 517; see also Chamberlain v. Krysztof, 617 F.Supp. 491, 493-94 (N.D.N.Y.1985) (U.S. Attorney properly represents IRS agents in tort suits arising out of income withholding).
 Finally, because of the government's interest and appearance in this litigation, we find that the petition falls within the removal bond exception of 28 U.S.C. Sec. 1446(d). The petition was made "in behalf of the United States." Accordingly,
 IT IS HEREBY ORDERED that plaintiff's Motion to Vacate Order of March 24, 1989, filed March 30, 1989, is DENIED. Defendants' Petition for Removal, filed October 12, 1988, is GRANTED nunc pro tunc March 24, 1989. The matter is properly before this court and the court will entertain no further motions on the issue of removal.
 Done this 5th day of May, 1989 at Denver, Colorado.
 BY THE COURT:
 /s/ Sherman G. Finesilver
 Sherman G. Finesilver, Chief Judge
 United States District Court
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument
 
 
 [1]
 United States District Court for the District of Colorado, by designation
 
 
 [2]
 Plaintiff misinterprets language from Marbury v. Madison, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803), to support the proposition that a federal employee's office alone does not discharge him of the responsibility to obey the law. Marbury does not suggest that executive officers should be held liable in tort for "illegal" acts. Marbury guarantees that if the defendants in this case had indeed acted illegally, the federal courts before whom the tax matters were plead, and by whom they were ultimately enforced, had the authority to deny the government's right to proceed against plaintiff or his assets. Those courts reviewed the matter and approved the government's conduct. Defendant has thus received his rights under Marbury. 100-694, Sec. 5, 102 Stat. 4563, 4564 ("Reform Act")
 
 
 [3]
 A catalogue of the events giving rise to this litigation and each defendant's role in those events is set out in the appendix to this opinion
 
 
 [4]
 A catalogue of the events giving rise to this litigation and each defendant's role in those events is set out in the appendix to this opinion
 
 
 [5]
 We review plaintiff's claims under the common law doctrine, although the standards applicable to federally employed attorneys under the Reform Act may afford broader protection. See Robinson v. Egnor, 699 F.Supp. 1207, 1215 (E.D.Va.1988) (employee immune if conduct at issue (1) bears some reasonable relationship or connection to the officials duties and responsibilities, and (2) is not manifestly or palpably beyond officials authority)
 
 
 [6]
 A catalogue of the events giving rise to this litigation and each defendants' role in those events is set out in the appendix to this opinion
 
 
 [7]
 Defendants would be entitled to qualified immunity for the non-discretionary acts alleged if the doctrine remained applicable. Activities in the nature of assessments and the making of levies are discretionary in nature. See David v. Cohen, 407 F.2d 1268 (D.C.Cir.1969) (decided prior to Westfall ). Enforcement of warrants is not a discretionary function. Harlow v. Fitzgerald, 457 U.S. 800, 818-19, 102 S.Ct. 2727, 2738-39, 73 L.Ed.2d 396 (1982); Pierson v. Ray, 386 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967) (police officers); see also Strothman v. Gefreh, 739 F.2d 515, 518 (10th Cir.1984) (enforcement of a mandatory duty at an operational level not discretionary); Barton v. United States, 609 F.2d 977, 979 (10th Cir.1979) (discretionary duty requires official to act without reliance on fixed or readily ascertainable standard). If the seizure of personal and real property pursuant to court order is viewed as a non-discretionary act akin to the enforcement of a warrant, defendants would be qualifiedly immune because the complaint does not allege the seizures were made in bad faith or without reason to believe the seizures were legal. Barr v. Abrams, 810 F.2d 358, 361 (2d Cir.1987); Cameron v. IRS, 773 F.2d 126, 128 (7th Cir.1985). Although ambiguous, the best case alleged in the complaint is that certain IRS defendants seizing property acted to enforce the petitions or warrants approved by the judicial defendants. These agents would have reason to believe their actions were lawful
 
 
 [8]
 A catalogue of the events giving rise to this litigation and each defendants' role in those events is set out in the appendix to this opinion
 
 
 [9]
 We have again reviewed plaintiff's claims under the common law doctrine, although the standards applicable to federally employed attorneys under the Reform Act may afford broader protection. See Robinson v. Egnor, 699 F.Supp. 1207, 1215 (E.D.Va.1988) (employee immune if conduct at issue (1) bears some reasonable relationship or connection to the officials duties and responsibilities, and (2) is not manifestly or palpably beyond officials authority)
 
 
 [10]
 Rule 11 provides for the imposition of sanctions upon motion or the court's own initiative if a signed pleading is not well grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law or interposed for an improper purpose, like harassment, unnecessary delay, or needless increase in the cost of litigation
 
 
 [11]
 In preparing these tables, we have attempted to compile information contained in the pleadings and supplemental materials supplied in support of plaintiff's motion for summary judgment in McGovern. Some of the dates and appearances may reflect inaccuracies or ambiguities in those materials
 
 
 [1]
 United States District Court for the District of Colorado, by designation
 
 
 [2]
 Courts are reluctant to remand cases where the nature of the case was clearly removable at the time it was filed, "simply because the drafter of the petition for removal did not draft it as artfully as he might have." Marshall Construction Co. v. M. Berger Co., 533 F.Supp. 793, 799 (W.D.Ark.1982)