953 F.2d 1391
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Manuel Sesario DEPINEDA, Plaintiff-Appellant,
v.
Warren O. MARTIN, Trial Court Judge, Defendant-Appellee.
 No. 91-1218.
 United States Court of Appeals, Tenth Circuit.
 Feb. 3, 1992.
 
 ORDER AND JUDGMENT*
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Manuel Sesario Depineda (Depineda), appearing pro se, appeals from the district court's order adopting the Magistrate Judge's finding that Depineda, as plaintiff, failed to state a claim for relief in his 42 U.S.C. § 1983 action and dismissing the complaint.
 
 
 3
 From Depineda's rambling pro se § 1983 complaint we discern that he is incarcerated in the Fremont Facility at Canon City, Colorado, following trial and jury conviction of murder in the first degree and sentencing to life imprisonment. The state district court judge who presided at the trial was Judge Warren O. Martin. Depineda has incorrectly referred to him as Warren O'Martin in this action.
 
 
 4
 The complaint, as observed by the United States Magistrate Judge "[r]ambles on detailing a variety of complaints about what occurred during the course of Plaintiff's trial." (R., Vol. I, Tab 6, p. 2). Depineda sought the following relief in his complaint: Unspecified monetary damages ("equal to the ruling in Goodwin"), immediate release, $10,000 a day for actual time served, $10,000 a day for accumulated good time, "Plus punitive and exemplary damages for the monstrous evil and corrupt deed by this court of Warren O'Martin...." Id., Tab 3, p. 6.
 
 
 5
 The Magistrate Judge observed, and the district court agreed, that "A careful review of Plaintiff's Complaint, as well as his response to the show cause order, indicates that he (Depineda) is complaining about things that took place during the course of his trial." Id. Tab 6, p. 3. We agree. The Magistrate Judge correctly cited Stump v. Sparkman, 435 U.S. 349 (1978) for the rule that this lawsuit is prohibited because a judge, acting in his judicial capacity, is absolutely immune from civil rights suits, unless the judge acts clearly without any colorable claim of jurisdiction. A judge must be free to make decisions, often controversial, without concern about possible personal repercussions. Id. at 363-64. In Mireles v. Waco, --- U.S. ----, 112 S.Ct. 286 (1991), the Supreme Court held that a judge who ordered police officers in his courtroom to forcibly seize and bring an attorney who was elsewhere in the courthouse to his courtroom to answer for his failure to appear for the initial call of the morning calendar, was absolutely immune from a 42 U.S.C. § 1983 suit for damages because the judge was acting in his judicial capacity. The Court emphasized that if a judge acts in his judicial capacity, "[j]udicial immunity is not overcome by allegations of bad faith or malice...." Accord Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. at 1218 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"). Thus, judges are absolutely immune from civil liability for conduct performed within their judicial domain. Snell v. Tunnell, 920 F.2d 673, 686-87 (10th Cir.1990), cert. denied, --- U.S. ---- (1991); Christensen v. Ward, 916 F.2d 1462, 1473-74 (10th Cir.1990), cert. denied, --- U.S. ---- (1991); Wiggins v. New Mexico Supreme Court Clerk. 664 F.2d 812, 815 (10th Cir.1981), cert. denied, 459 U.S. 840 (1982).
 
 
 6
 Even should we construe Depineda's § 1983 complaint as a petition for habeas corpus relief (he seeks release from prison), the result would be the same because the state court judge he has named as defendant is not the person detaining him. Thus, the complaint--or petition--names the wrong defendant.
 
 
 7
 Depineda cannot prove any set of facts under his complaint which would entitle him to relief. We affirm the district court's Order of Dismissal based upon the district court's finding that "[P]laintiff has failed to state a claim for relief within the jurisdiction of this court." Id., Tab 9.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3