132 F.3d 37
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles W. WRIGHT, Plaintiff-Appellant,
v.
CLARK COUNTY, Indiana, et al., Defendants-Appellees.
 No. 95-1098.
 United States Court of Appeals, Seventh Circuit.
 Submitted November 25, 1997*
Decided December 5, 1997
 
 1
 Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.
 
 
 2
 Before Hon. Thomas E. FAIRCHILD, Circuit Judge Hon. Walter J. CUMMINGS, Circuit Judge Hon. Daniel A. MANION, Circuit Judge
 
 ORDER
 
 3
 In this 42 U.S.C. § 1983 suit, Charles Wright sues 48 defendants, including various municipalities, legislators, and his local waste disposal contractor, alleging that the mandatory recycling program Clark County adopted in 1994 enslaves him in violation of the Thirteenth Amendment, which Wright believes states that "no law abiding person shall be forced to do anything he does not want to do."[1] The district court dismissed his suit for failure to state a claim. Wright appeals the dismissal, claiming that the judge's dismissal violated his Seventh Amendment right to a jury trial.[2] We affirm.
 
 
 4
 We review dismissals under Federal Rule of Civil Procedure 12(b)(6) de novo. See Grzan v. Charter Hospital of Northwest Indiana, 104 F.3d 116, 119 (7th Cir.1997). A Rule 12(b)(6) dismissal is only appropriate when it is certain that the plaintiff can establish no set of facts entitling him to relief See Travel All Over the World, Inc. v. The Kingdom of Saudi Arabia, 73 F.3d 1423, 1429-30 (7th Cir.1996). Even though alternative paths to affirm exist for some defendants (e.g., legislative immunity and lack of state action), for simplicity's sake, we will deal with the substance of Wright's claims.
 
 
 5
 Wright's Thirteenth Amendment claim is frivolous. The Thirteenth Amendment was intended "to cover those forms of compulsory labor akin to African slavery which in practical operation would tend to produce like undesirable results." United States v. Kozminski, 487 U.S. 931, 942 (1988) (quoting Butler v. Perry, 240 U.S. 328, 332 (1916)). Separating out recyclables from ordinary trash "does not evoke in our minds the burdens endured by the African slaves in the cotton fields or kitchens of the antebellum south." United States v. Bertoli, 994 F.2d 1002, 1022 (3d Cir.1993).
 
 
 6
 Wright's Seventh Amendment claim also fails. The Seventh Amendment is not violated by a proper dismissal with prejudice prior to trial. See, e.g., Christensen v. Ward, 916 F.2d 1462, 1466 (10th Cir.1990) (Rule 12(b)(6)); 3 Penny Theater Corp. v. Plitt Theaters, Inc., 812 F.2d 337, 340 (7th Cir.1987) (Fed.R.Civ.P. 41(b) dismissal for failure to prosecute); United States v. Stangland, 242 F.2d 843, 848 (7th Cir.1957) (summary judgment under Fed.R.Civ.P. 56). Therefore, the dismissal was proper. The judgment of the district court is AFFIRMED. Const. amend. XIII.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Section one of the Thirteenth Amendment actually states that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S
 
 
 [2]
 Although Wright also mentioned the Fourteenth Amendment in his complaint, he did not present a Fourteenth Amendment argument to this court. The argument is therefore waived. See Milsap v. Journal/Sentinel lnc., 100 F.3d 1265, 1268 n. 1 (7th Cir.1996)