**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 16 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

EUGENE JOSEPH KARLIN,

    Plaintiff-Appellant,

v.

J. THOMAS MARTEN, U.S. District Judge;
PATRICK F. KELLY, U.S. District Judge;
MARTIN M. SHOEMAKER; RONALD L.
LAMBERT; JOHN STUBBS; MICHAEL E.
POSEY; SARA PARSCALE; BILLY J.
WILLIAMSON; DENIS D. HOLLE; STEVEN
RATHBUN; WESLEY E. DUWE; PAUL E.
DICKS; CONNIE K. FAULKNER,

    Defendants-Appellees.

No. 97-3303
(D. Kan.)
(D.Ct. No. 97-1172-WEB)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

_____

    After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

    [*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Mr. Karlin, a *pro se* litigator filed a civil action seeking damages against two United States district court judges, a Department of Justice attorney, and ten current or former employees of the Internal Revenue Service.  The action arose out of a lawsuit by the United States against Mr. Karlin to set aside certain transfers of property and to foreclose federal tax liens.  The judge in that case decided in favor of the United States and granted its motion for summary judgment.  In his complaint at issue, Mr. Karlin alleged the judges entered judgments against him that violated his constitutional rights; the Department of Justice attorney knew his constitutional rights were being violated in those cases and failed to prevent it; and the Internal Revenue Service defendants violated their oath to uphold the United States Constitution by failing to prevent the violation of his constitutional rights.  The district court dismissed Mr. Karlin's complaint after concluding the judges had absolute immunity from suit, Mr. Karlin failed to state a claim against the remaining defendants, and defendants enjoyed qualified immunity.  Mr. Karlin appeals these decisions and we affirm the judgments of the district court.

Mr. Karlin appeals the two orders contending: "1. The complaint was filed for Constitutional Rights violations by all Defendants, and therefor Appellant is entitled to relief ...; 2. Appellant had demanded the case be conducted by a 7th Amendment Jury, and Appellants demand was not honored, ... 3. Appellant is a sovereign, private, Christian citizen, and is entitled to a 7th Amendment Trial by jury as stated under the Constitution, Article III."

Mr. Karlin misperceives the law. The two written decisions of the district court are correct and accurately set forth the applicable law. Therefore, the judgments of the trial court are upheld for substantially the same reasons stated therein. Copies of the district court's orders are attached hereto.

We need not address Mr. Karlin's Seventh Amendment issue since a jury trial is not required when one of the parties is entitled to judgment as a matter of law. *Christensen v. Ward*, 916 F.2d 1462, 1466 (10th Cir.), *cert. denied*, 498 U.S. 999 (1990).

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-3-

Attachments not available electronically.