**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 19 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HARRISON DWIGHT FOOS and
CAROLYN SUE FOOS,

      Plaintiff-Appellants,

v.

JEFFREY D. EPPLER, Chief of IRS
Collection Branch Kansas-Missouri
District; BILLY J. WILLIAMSON,
Revenue officer, Department of
Treasury-IRS; BRUCE R. THOMAS,
District Director, IRS; D. R. BERRY;
KERRY MCELDERRY, Revenue
Agent; LARRY INMAN, Revenue
Officer-IRS,

      Defendants-Appellees.

No. 97-3379
(D.C. No. 97-CV-1298)
(Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, or collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Plaintiffs Harrison Dwight Foos and Carolyn Sue Foos filed this action against several agents of the Internal Revenue Service contending that the agents violated plaintiffs' constitutional rights by seizing assets in their bank account and by issuing notices of a federal tax lien and levy. They also accused the agents of committing several federal crimes. The district court dismissed the action for failure to state a claim. Plaintiffs appeal and we affirm.

The district court carefully explained to plaintiffs why they did not have a claim against defendants. *See* Memorandum and Order dated October 29, 1997, and Memorandum and Order dated November 24, 1997. We substantially agree with the reasoning set out in the district court's orders.

Plaintiffs contend on appeal that the district court denied them their Seventh Amendment right to a jury trial. Because plaintiffs did not present triable issues, as explained by the district court, their Seventh Amendment right to a jury trial was not abridged. *See Christensen v. Ward,* 916 F.2d 1462, 1466 (10th Cir. 1990). Plaintiffs would be well served to read the *Christensen* case for a further explanation of why they cannot prevail on their claims.

Plaintiffs also complain that their case was inappropriately referred to a magistrate judge without their consent. Such was not the case. The magistrate

-2-

judge made no report or recommendation with respect to defendants' motion to dismiss. Defendants' motion was considered and decided by Senior District Judge Wesley E. Brown.

The judgment of the district court dismissing plaintiffs' action for failure to state a claim is **AFFIRMED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge