In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 07-3785

MARIA CORREA,

*Plaintiff-Appellant*,

*v.*

ALBERT WHITE, individually and
ILLINOIS DEPARTMENT OF CORRECTIONS,

*Defendants-Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 C 3791—**John W. Darrah,** *Judge*.

_____

ON MOTION TO STRIKE BRIEF
AND ORDER APPELLANT TO FILE BRIEF
THAT COMPLIES WITH RULES

_____

MARCH 4, 2008

_____

Before RIPPLE, ROVNER and SYKES, *Circuit Judges*.

PER CURIAM. Maria Correa filed this action against the Illinois Department of Corrections and Albert White. She alleged that they had discriminated against her on the basis of sex and race, had subjected her to a hostile work

environment because of her sex, had subjected her to racial and sexual harassment and had retaliated against her. The district court granted the defendants' motion for summary judgment. Ms. Correa filed a timely appeal and later filed her opening brief in a timely fashion. The defendants now ask the court to strike Ms. Correa's brief because it does not comply with our rules. In addition, they ask the court to dismiss the appeal or to order Ms. Correa to file a brief that complies with the rules.

Federal Rule of Appellate Procedure 28(a)(9) requires that an appellant's brief contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Needless to say, we are "generally disposed toward providing a litigant the benefit of appellate review," but our interest in the uniform and efficient administration of justice requires that even pro se litigants comply with Rule 28(a)(9) or risk dismissal of their appeals. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

Here, the defendants submit that Ms. Correa's brief does not comply with Rule 28 because it does not contain a table of authorities with page references, her statement of facts lacks record or appendix citations and her argument section lacks record or appendix and legal citations. See Fed. R. App. P. 28(a)(2), (a)(7), (a)(9); Cir. R. 28(c). Upon examination of the brief, we note that Ms. Correa's brief does contain page citations, but those references are only to the page numbers within the separately paginated document in question, and not to a specific page in the appellate record. For example, she cites to page 16 of White's affidavit, rather than to the location of that document in the appellate record. Ms. Correa does not provide legal citations in her argument section, and she does

not explain adequately why she believes the district court erred in granting summary judgment.

Ms. Correa's brief does not comply with this court's rules. However, it appears that this noncompliance is due more to her status as a pro se litigant than to any willful or reckless disregard of her obligations as a litigant in this court. In addition, this appeal has been pending for only two months, and allowing Ms. Correa another opportunity to file a brief that complies with the rules is not likely to result in an unreasonable delay in this appeal's resolution. On the other hand, we must ensure that the defendants have a reasonable opportunity to respond to her arguments and that this court has an adequate brief to guide its analysis and decision in this case. In determining whether compliance with these rules can be deemed "substantial," we take into account the reason for the noncompliance and the impact of that noncompliance on the other parties to the litigation and to the court's own adjudicatory processes.

Under these circumstances, dismissal of the appeal is too harsh a sanction. Rather, we believe that the proper course is to strike Ms. Correa's brief and to order her to file a brief that complies with Federal Rule of Appellate Procedure 28 and Circuit Rule 28. In complying with this order, Ms. Correa must be especially mindful of the following requirements:

1. Circuit Rule 28(c) provides that no fact shall be included in the statement of facts "unless it is supported by a reference to the page or pages of the record or the appendix where that fact appears." Rather than citing to individual affidavits or depositions, Ms. Correa should cite directly to the page in the appendix to her brief or to the page in the appellate record, so that the

court may easily locate the referenced documents in the record.

2.   Federal Rule of Appellate Procedure 28(a)(9) requires that Ms. Correa support the arguments in her brief "with citations to the authorities and parts of the record" on which she relies. Therefore, in the argument section of her brief, Ms. Correa must explain how the district court erred when it granted the defendants' summary judgment motion. All arguments must be supported by facts in the record or by legal citations. All legal citations must be included in a table of authorities with page references; this section shall be placed after the table of contents. Fed. R. App. P. 28(a)(3).

Finally, we must warn Ms. Correa that failure to file a brief that complies substantially with Federal Rule of Appellate Procedure 28 and Circuit Rule 28 may result in dismissal of her appeal. *Anderson*, 241 F.3d at 545-46.

IT IS SO ORDERED.