NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 14, 2013[*]
Decided January 14, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-1882

| | |
|---|---|
| CHARLES HENRY LOCKETT, *Plaintiff–Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 10 C 2369 |
| CITY OF CHICAGO, *Defendant–Appellee.* | James F. Holderman, *Chief Judge.* |

**O R D E R**

Charles Lockett claims that the City of Chicago fired him from his job as a Traffic Control Aide because he is black. The district court understood Lockett's suit to rest on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and granted summary

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

judgment for the City with the explanation that Lockett lacked evidence that could prove discrimination under either the direct or indirect method. The court authorized Lockett to amend his complaint with other claims he might have against the City, but after receiving Lockett's revisions, the court dismissed the amended complaint for failure to state a claim.

Lockett filed a notice of appeal, but rather than submit a brief, he asked us to exempt him from preparing one because he did not know how. We denied that request but told Lockett what his brief should include and also gave him copies of Federal Rule of Appellate Procedure 28, Circuit Rule 28, and Sections XXII and XXIV of the Practitioner's Handbook for Appeals. Lockett then filed a brief, but in it he essentially repeats his allegations from the district court and asks that we review the court's rulings. He does not address the court's reasoning or include citations to legal authority or even the record.

Despite our attempt to guide Lockett, his brief is inadequate. Although we liberally construe pro se filings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011), Lockett still is required to make a cogent argument with citations to the record and supporting authority, *see* FED. R. CIV. P. 28(a)(9); *Correa v. White*, 518 F.3d 516, 517 (7th Cir. 2008); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Lockett has failed to do so and, consequently, has not preserved any issue for appeal. *See Pruitt v. City of Chicago, Ill.*, 472 F.3d 925, 930 (7th Cir. 2006); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998).

**DISMISSED**.