**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted January 14, 2013[*]
Decided January 16, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-2908

| | |
|---|---|
| TOM FRANKLIN, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 12 C 6087 |
| DAVID M. APPLEGATE and GMAC MORTGAGE COMPANY, | Ruben Castillo, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Tom Franklin appeals the dismissal of his suit for alleged racial discrimination and predatory lending by GMAC Mortgage Company and its CEO, David Applegate. Franklin asserts that the defendants targeted African-American customers like himself and charged them inflated interest rates on large loans procured by fraudulent appraisals. The district

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

court dismissed the suit for improper venue because Franklin identified himself as a Texas resident and listed a non-Illinois (Iowa) address for both defendants.

On appeal Franklin does not develop any legal argument challenging the basis of the dismissal. A brief must contain "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(9). Franklin's brief instead merely reproduces the complaint almost verbatim without addressing venue. We construe pro se filings liberally, but even a pro se brief must contain more than a general assertion of error. *Correa v. White*, 518 F.3d 516, 517–18 (7th Cir. 2008); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

**DISMISSED**.