NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 25, 2013[*]
Decided February 25, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-3097

| | |
|---|---|
| DWAYNE E. GRAY,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>CONESTOGA TITLE COMPANY, et al.,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.<br><br>No. 1:11-cv-01575-JMS-DKL<br><br>Jane E. Magnus-Stinson,<br>*Judge*. |

**O R D E R**

Dwayne Gray, an Indiana citizen, appeals the dismissal of his complaint in which he accused six companies of violations of 42 U.S.C. § 1983, the Truth In Lending Act (TILA), *see* 15 U.S.C. §§ 1601–1667f, and state law, in connection with a foreclosure action on his

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

property. The district court dismissed the complaint because none of the defendants was a state actor; the complaint failed to state a claim under TILA; and the lone state-law claim warranting the exercise of supplemental jurisdiction was barred by res judicata.

On appeal Gray does not develop any legal argument challenging the basis of the dismissal. A brief must contain "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(9)(A). Gray asserts that the district court was wrong to dismiss the complaint, but does not explain why. He instead rehashes the allegations—vague as they are—from his complaint and appears to add others about state-court litigation surrounding the foreclosure. We construe pro se filings liberally, but even a pro se brief must contain more than a general assertion of error. *See Correa v. White,* 518 F.3d 516, 517–18 (7th Cir. 2008); *Anderson v. Hardman,* 241 F.3d 544, 545–46 (7th Cir. 2001).

DISMISSED.