NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 1, 2013[1]
Decided October 1, 2013

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

Nos. 13-1059 & 13-1219

| | |
|---|---|
| ASUQUO ESANG, | Appeals from the United States |
|     *Plaintiff-Appellant*, | District Court for the Northern |
| | District of Illinois, Eastern Division. |
|     *v.* | |
| | No. 07 C 3540 |
| COOK COUNTY, ILLINOIS, *et al.*, | |
|     *Defendants-Appellees*. | Joan B. Gottschall, |
| | *Judge*. |

**O R D E R**

During the course of this litigation, Asuquo Esang has accused more than twenty-five named defendants of participating in events that, he says, violated his rights under the Constitution and Illinois law. For five years the district court sorted

---

[1] After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal thus is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2)(C).

through Esang's shifting allegations before finally dismissing the case for failure to prosecute. *See* FED. R. CIV. P. 41(b). The court also denied Esang's motion to set aside the dismissal under FED. R. CIV. P. 60(b). He appeals both decisions, and we have consolidated the appeals for decision. We conclude that the court did not abuse its discretion in dismissing and declining to reopen his case, and affirm the judgments.

Esang was pro se when he filed suit in June 2007. His initial complaint mentions that he was arrested at the Daley Center in Chicago in July 2005, but that first version appears to focus on Esang's subsequent detention at a state-operated mental-health facility in Elgin. The subject of his detention at the Elgin facility is even more prominent in Esang's first amended complaint. After the district court had recruited a succession of lawyers to assist him, however, Esang obtained the court's approval to sever all of his claims arising from his detention in Elgin; those claims became the subject of a separate lawsuit. *See Esang v. Cook County*, No. 11 C 5479 (N.D. Ill. Feb. 15, 2012). The operative complaint in this lawsuit is Esang's second amended complaint, which was drafted by counsel. In it, Esang alleges that he was assaulted twice by sheriff's department officers, first when he was arrested at the Daley Center in July 2005 and later, in January 2007, by three guards at the Cook County jail. The district court dismissed Esang's federal claims arising from the incident at the Daley Center, and all of his state-law claims arising from both incidents, as barred by the applicable statutes of limitations. The court later dismissed the remaining federal claim against the jail guards for failure to prosecute.

That was on November 7, 2012. Previously, during the initial twenty months before counsel was recruited, the district court twice had dismissed the suit for failure to prosecute after Esang disregarded written warnings that missing scheduled hearings or failing to comply with court directives could result in dismissal. Both times the court reopened the case on Esang's motion, and in response to his assertion that one of the court's scheduling orders never reached him, the judge admonished Esang to update his address with the clerk of court. Then in October 2012, after the last of his three lawyers had withdrawn, Esang failed to attend a status hearing. The court rescheduled the hearing and, in the written notice mailed to Esang, warned him that next time the case would be dismissed if he did not attend.

After the dismissal Esang asked that his lawsuit be reinstated for a third time; once again he asserted that the district court's scheduling orders had not been delivered to him. At a hearing on November 28, the court told him that his motion would be taken under advisement. The judge directed Esang, in person and in writing, to go to the clerk's office and update his address to assure that he received future documents from

the court. Esang ignored this directive, and for that reason the court denied his motion to reopen the lawsuit on December 4. He filed a notice of appeal on December 28, which we docketed as appeal no. 13-1059. That same day Esang filed a motion asking the court to reconsider its December 4 ruling. The court declined, reasoning that Esang had not offered any new reason to set aside the decision. He filed a second notice of appeal, which we docketed as appeal no. 13-1219.

Esang challenges the dismissal of his lawsuit and the refusal to vacate that decision. A district court has discretion to dismiss a case sua sponte for want of prosecution as part of its authority to control its docket and dispose of litigation in an orderly and efficient manner. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006). Esang repeatedly ignored court orders, and his conduct caused multiple delays to the court and the defendants despite the judge's flexibility and willingness to accommodate his requests. Yet in his brief Esang does not say how the district court abused its discretion except to offer the frivolous suggestion that the judge should have used registered mail to send scheduling orders. Mostly his brief restates allegations from his first two complaints, in particular the allegations concerning his detention in Elgin that no longer are part of this litigation.

An appellant's brief must include the party's contentions and reasons for them, with citations to authorities and the parts of the record on which the appellant relies. FED. R. APP. P. 28(a)(9); *Correa v. White*, 518 F.3d 516, 517 (7th Cir. 2008). Generalized assertions of error are not enough, *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), and even pro se litigants must comply with this rule, *Correa*, 518 F.3d at 517. Since none of the contentions in Esang's brief address the reasons the district court gave for dismissing his lawsuit and then declining to rescind that decision, he effectively concedes the correctness of those rulings. Accordingly, both decisions are AFFIRMED.