**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February19, 2019[*]
Decided February 19, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-1706

| | |
|---|---|
| NICK MARTIN,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:13cv16 |
| GEORGE JONES, et al.,<br>    *Defendants-Appellees*. | Susan Collins,<br>*Magistrate Judge*. |

**O R D E R**

Nick Martin helped George Jones clean up his family-run auto-repair shop, and Jones paid Martin for his help. Believing that he was underpaid and otherwise mistreated, Martin sued Jones, members of his family, and Jones Auto Repair for race

---

[*] Defendants Trent Jones, Emma Jones, and Jones Auto Repair are not participating in this appeal. We have agreed to decide this case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

discrimination, retaliation, unpaid wages, and defamation. A magistrate judge, presiding by consent, *see* 28 U.S.C. § 636(c), entered summary judgment for the defendants on all of Martin's claims except his unpaid-wages claim. The judge concluded that Title VII did not apply to a business the size of Jones Auto Repair and that Martin had insufficient evidence to support his discrimination and retaliation claims under 42 U.S.C. § 1981 and his defamation claim. Retaining supplemental jurisdiction over the state-law wage claim,[1] the magistrate judge ruled after a bench trial that Martin had not shown that he was owed more for helping to clean up Jones's property or that Jones ever hired him as a mechanic, as Martin alleged. Martin brought this appeal, but for two reasons, we must dismiss it.

First, Martin has not presented a discernable argument for why the magistrate judge erred, either in granting summary judgment or ruling for the defendants after trial. Martin's appellate filings consist of a list of dates that appear to correspond to various docket entries from the district court and oblique references to people, places, and events unrelated to this litigation. He thus does not comply with the requirements of Federal Rule of Appellate Procedure 28. An appellant's brief must contain his "contentions and the reasons for them, with citations to authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(8)(A); *see also Cmty. Bank of Trenton v. Schnuck Mkts., Inc.*, 887 F.3d 803, 825–26 (7th Cir. 2018). Although we construe pro se filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), even uncounseled litigants must supply an "articulable basis" for disturbing a district court's judgment. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). We also the consider the impact of Martin's noncompliance on Jones, the appellee, who likewise is appearing pro se and who was unable to identify arguments to which to respond. *See Correa v. White*, 518 F.3d 516, 518 (7th Cir. 2008). We "cannot fill the void by crafting arguments and performing the necessary legal research." *Anderson*, 241 F.3d at 545.

Second, to the extent that Martin intended to challenge the result of the bench trial, he was required to, but did not, include the trial transcript in the record on appeal.

---

[1] Presumably the prerequisites of the federal Fair Labor Standards Act, such as an engagement in interstate commerce or an employer with $500,000 in annual revenue, precluded its application to Martin's unpaid-wages claim. *See* 29 U.S.C. §§ 203(b), (s)(1), 206, 207.

*See* FED. R APP. P. 10(b)(2). "Dismissal is appropriate when a deficient record precludes meaningful appellate review." *Tapley v. Chambers*, 840 F.3d 370, 375 (7th Cir. 2016). Martin failed to order a transcript of the trial from the court reporter. True, after the judgment, he filed a document in the district court that appeared to be a request for the magistrate judge to transfer "all transcript[s] and documents" to this court. But that is not how a record on appeal is assembled. *See* FED. RS. APP. P. 10(b)(1), (4); 11(a), (b), CIR. R. 10(a)(2)–(3). Further, Martin knew that we would not receive a transcript because the magistrate judge denied Martin's "request for a free transcript" based on her determination that the appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3). (Martin proceeded in forma pauperis in the district court but paid the appellate filing fee after the district court and this court denied him leave to proceed in forma pauperis on appeal.) The rules make clear that it is the appellant's duty to order and pay for transcripts or to certify that he intends not to. FED. R. APP. P. 10(b)(1), (4). And like all civil appellants, Martin was issued an order to complete a transcript information sheet. *See* CIR. R. 10(c). He therefore has no excuse for failing to ensure that we have a complete record to review.

The appeal is DISMISSED.