**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

COLEEN C. HOFFMEISTER,

Plaintiff - Appellant,

v.

UNITED STUDENT AID FUNDS,
INC.; SALLIE MAE STUDENT
LOAN AND STUDENT LOAN
FORGIVENESS; NAVIENT
SOLUTIONS, LLC; U.S.
TREASURY DEPARTMENT;
SECRETARY OF THE U.S.
DEPARTMENT OF EDUCATION;
U.S. DEPARTMENT OF
EDUCATION; UNITED STATES
INTERNAL REVENUE SERVICE;
THE FEDERAL STUDENT AID
FUND; THE SECRETARY OF THE
U.S. TREASURY,

Defendants - Appellees.

No. 19-1212
(D.C. No. 1:17-CV-00889-LTB-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

---

[*]    The parties have not requested oral argument, and it would not materially help us to decide this appeal. We have thus decided the appeal based on the appellate briefs and the record on appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Before **BRISCOE**, **BACHARACH**, and **McHUGH**, Circuit Judges.

_____

This appeal grew out of Ms. Coleen Hoffmeister's failure to repay student loans. She sued the Secretary of the Department of Education; the Department of Education; the Federal Student Aid Fund;[1] the Secretary of the Treasury; the U.S. Treasury Department; the Internal Revenue Service; Navient Solutions, LLC; Sallie Mae Student Loan and Student Loan Forgiveness;[2] and United Student Aid Funds, Inc.[3] In this suit, Ms. Hoffmeister alleges

- violation of the right to petition,

- breach of fiduciary duty and accountability as a representative of citizens,

- violation of RICO,

- failure to act in Ms. Hoffmeister's best interest,

- violation of the Fair Debt Collection Practices Act,

- violation of the Fair Credit Reporting Act,

- misappropriation of funds, collusion, corruption, malfeasance, and violation of the duty to disclose, and

_____

[1] The Federal Student Aid Fund is part of the Department of Education, which is a separate defendant.

[2] Sallie Mae Student Loan and Student Loan Forgiveness is not a separate entity. This is a name associated with Navient Solutions, LLC, which is a separate defendant.

[3] United Student Aid Funds has been dissolved and merged into an entity called "Ascendium Education Solutions, Inc."

- failure to act fairly and equitably.[4]

The district court

- denied leave to proceed in forma pauperis,

- dismissed the claims against the Department of Education, the Secretary of the Department of Education, the Internal Revenue Service, the U.S. Treasury Department, and the Secretary of the Treasury, and

- granted summary judgment to Navient and United Student Aid.

Ms. Hoffmeister appeals, challenging the denial of leave to proceed in forma pauperis, failure to enforce the requirement of pretrial disclosures, refusal to amend the scheduling order, application of sovereign immunity, and rulings on judicial notice. We reject these arguments.[5]

---

[4]    Ms. Hoffmeister later stipulated to dismissal of the claims for misappropriation of funds, collusion, corruption, malfeasance, violation of the duty to disclose, and failure to act fairly and equitably.

[5]    Navient and Ascendium (United Student Aid's successor entity) ask us to dismiss the appeal because Ms. Hoffmeister flouted Federal Rule of Civil Procedure 28(a). As Navient and Ascendium point out, Ms. Hoffmeister omitted some sections required under Rule 28. Even though she is pro se, she must comply with this rule. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (stating that Rule 28 applies equally to pro se litigants). But dismissal of the appeal would be too harsh for noncompliance. *See Correa v. White*, 518 F.3d 516, 518 (7th Cir. 2008) (declining to dismiss the appeal because dismissal would be too harsh a sanction for a pro se litigant's failure to comply with Rule 28). Though Ms. Hoffmeister omitted some sections required by Rule 28, the omissions have not substantially impeded our review.

**1.     Leave to Proceed in Forma Pauperis[6]**

In district court, the plaintiff must ordinarily prepay the filing fee.
28 U.S.C. § 1914(a). An exception exists, however, if the plaintiff obtains
leave to proceed in forma pauperis. This status is available only if the
plaintiff cannot afford to prepay the filing fee. *See* 28 U.S.C. § 1915(a)(1).

In district court, Ms. Hoffmeister and her husband were both
plaintiffs. So they would ordinarily need to pay the filing fee of $400.

The district court denied leave to proceed in forma pauperis, ruling
that Ms. Hoffmeister and her husband had enough money to prepay the
filing fee. We review this ruling for an abuse of discretion. *Lister v. Dep't
of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

In our view, the district court acted within its discretion. In 2016, the
year before Ms. Hoffmeister and her husband sued, they said that their
combined income totaled $64,000 and their bank accounts exceeded
$19,000.

Ms. Hoffmeister argues that her household expenses exceeded her
family's monthly income, but she does not dispute her ability to use money

---

[6]     Navient and Ascendium (United Student Aid's successor) argue that
we lack jurisdiction over the denial of leave to proceed in forma pauperis
and refusal to amend the scheduling order. We disagree. The notice of
appeal confers jurisdiction over interlocutory orders merging into the final
judgment. *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552
F.3d 1233, 1236–37 (10th Cir. 2009).

in her bank accounts to pay the filing fee. The district court thus acted within its discretion in denying leave to proceed in forma pauperis.

## 2. Enforcement of the Requirement for Pretrial Disclosures and Amendment of the Scheduling Order

Ms. Hoffmeister also contends that the district court erred in failing to enforce the requirements for pretrial disclosure and in refusing to allow amendment of the scheduling order. For these rulings, we again apply the abuse-of-discretion standard, *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019), and conclude that the district court acted within its discretion.

The federal rules of civil procedure require each party to make initial disclosures without waiting for a request. Fed. R. Civ. P. 26(a)(1). According to Ms. Hoffmeister, the court allowed Navient and United Student Aid to skirt the requirement for initial disclosures. We disagree. The district court ordered Navient and United Student Aid to disclose the names of corporate representatives and to produce everything subject to the initial-disclosure requirements.

Ms. Hoffmeister also complains of the district court's unwillingness to amend the scheduling order. She wanted to extend the discovery deadline, arguing that (1) she was busy at work and (2) Navient and United Student Aid hadn't identified corporate representatives or produced supporting documents. The district court rejected these arguments,

5

reasoning that the alleged deficiencies in the initial disclosures hadn't prevented Ms. Hoffmeister or her husband from requesting discovery, Ms. Hoffmeister's busy work schedule didn't provide good cause to extend the discovery deadline, and Navient and United Student Aid had an obligation to produce documents only if they could be used to support the defense.

Ms. Hoffmeister identifies no flaws in these reasons, and the district court gave Ms. Hoffmeister and her husband additional time to make written discovery requests and to take four depositions. Given the district court's explanation and allowance of additional time for discovery, we conclude that the district court did not abuse its discretion in declining to amend the scheduling order.

3. **Dismissal of the Claims Against the Department of Education, the Secretary of the Department of Education, the Internal Revenue Service, the U.S. Treasury Department, and the Secretary of the Treasury**

According to Ms. Hoffmeister, the district court erroneously recognized sovereign immunity on the claims against the Department of Education, the Secretary of the Department of Education, the Internal Revenue Service, the U.S. Treasury Department, and the Secretary of the Treasury. We conduct de novo review over dismissals based on sovereign immunity. *Flute v. United States*, 808 F.3d 1234, 1239 (10th Cir. 2015).

Ms. Hoffmeister contends that

- sovereign immunity does not apply to claims for breach of contract,

- the doctrine of sovereign immunity is unconstitutional,

- the Tucker Act provides relief from sovereign immunity, and

- Congress abrogated sovereign immunity when enacting RICO.

We reject these contentions as applied here.

Ms. Hoffmeister asserts that sovereign immunity does not apply to contract claims, but her complaint didn't include a contract claim against the federal defendants. Nor did she raise this argument in district court or urge plain-error review. It is too late for Ms. Hoffmeister to try to defeat sovereign immunity based on a contract claim never asserted in district court. *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011).

Ms. Hoffmeister also argues that the doctrine of sovereign immunity is unconstitutional. But we've held in precedential opinions that the doctrine is constitutional, and we must follow our precedents. *See, e.g.*, *Christensen v. Ward*, 916 F.2d 1462, 1473 (10th Cir. 1990) ("[W]e find that the doctrine of sovereign immunity, as embodied in the common law and the Reform Act, is constitutional."). Ms. Hoffmeister relies on the Declaration of Independence and First Amendment right to petition for redress of grievances. But we have held that sovereign immunity is not foreclosed by either the Declaration of Independence or the constitutional right to petition for redress of grievances. *Id.* at 1471–73.

In challenging sovereign immunity, Ms. Hoffmeister also refers to the Tucker Act. But this statute applies only if the law independently grants a substantive right to compensation from the government. 28 U.S.C. §§ 1346(a)(2), 1491. And even when a statute provides a substantive right to compensation, the plaintiff must ordinarily bring the contract claim in the Court of Claims. 28 U.S.C. § 1346(a). The plaintiff can sue in district court only if the claim involves a tax assessment or a claim for $10,000 or less. *Id.* Ms. Hoffmeister's claim doesn't involve a tax assessment and is for $20 million.

In her reply brief, Ms. Hoffmeister also argues that Congress abrogated sovereign immunity when enacting RICO. We reject this argument because (1) the argument was omitted in the opening brief and (2) we've held that RICO did not expressly waive sovereign immunity. *See Kientz v. Comm'r*, 954 F.3d 1277, 1286 n.7 (10th Cir. 2020) (waiver of argument asserted for the first time in a reply brief); *Weaver v. United States*, 98 F.3d 518, 520 & n.2 (10th Cir. 1996) (concluding that RICO did not expressly waive sovereign immunity).

\* \* \*

We reject Ms. Hoffmeister's arguments on sovereign immunity.

**4.    The District Court's Rulings on Judicial Notice**

Ms. Hoffmeister complains that the district court acted unfairly in its rulings on judicial notice before granting summary judgment to Navient and United Student Aid. We are not persuaded.

In seeking summary judgment, Navient and United Student Aid requested judicial notice of printouts from the Colorado Secretary of State's website to establish Navient's history as a legal entity. Ms. Hoffmeister did not object, and the district court took judicial notice of the printouts.

On appeal, Ms. Hoffmeister complains that the district court should have also taken judicial notice of six of her exhibits. But she never asked the district court to take judicial notice of these documents. Ms. Hoffmeister cannot fault the district court for failing to grant relief that she hadn't requested.

**5.    Conclusion**

We reject Ms. Hoffmeister's appellate arguments and affirm the rulings on leave to proceed in forma pauperis, enforcement of the

requirement of pretrial disclosures, amendment of the scheduling order, sovereign immunity, and judicial notice.

Entered for the Court


Robert E. Bacharach
Circuit Judge