**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

GLEN A. PONTIOUS,

    Plaintiff - Appellant,

v.

U.S. DEPARTMENT OF JUSTICE,

    Defendant - Appellee.

No. 22-6073
(D.C. No. 5:21-CV-00088-G)
(W.D. Okla.)

_____

ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **TYMKOVICH**, and **MATHESON**, Circuit Judges.
_____

In this challenge to the 2020 U.S. Presidential Election, Glen A. Pontious appeals

pro se from a district court order dismissing his amended complaint for lack of subject

matter jurisdiction. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

In an amended complaint filed in federal district court in 2021, Mr. Pontious

claimed that the Department of Justice (DOJ) was "derelict in [its] duties" for "allow[ing]

Joe Biden to run for office," given "[a]pperent [sic] high crimes and misdeanors's [sic],

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conflict of interest[.]" R. at 28 (capitalization omitted). He alleged it was "not fair . . . that [former President Donald Trump] was interfeared [sic] with by . . . frivolous impeachment." R. at 31 (capitalization omitted). For relief, he sought $48 million in damages and to "remove the Current U.S. Presidential administration via nullification and voiding the 2020 U.S. Presidential Election and criminaly [sic] prosecute those who brought the fraudlent [sic] charges against President Donald Trump." R. at 36 (capitalization omitted).

On the DOJ's motion, the district court dismissed the amended complaint because Mr. Pontious failed to identify a waiver of the DOJ's immunity from suit. *See Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urb. Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009) ("Sovereign immunity generally shields the United States, its agencies, and its officers acting in their official capacity from suit.").

Mr. Pontious appealed and filed motions in this court asserting, among other things, that the DOJ is "supporting and aiding in treason by sedition," Mot. for Emergency Hr'g at 1 (filed Aug. 12, 2022) (capitalization omitted), and has conspired with Facebook CEO Mark Zuckerberg to commit "Treason[] and Mutiny[] against President Donald J Trump," Mot. at 3 (filed Sept. 9, 2022).

## DISCUSSION
### I. Standards of Review

"We review de novo the district court's dismissal based on sovereign immunity." *Mojsilovic v. Okla. ex rel. Bd. of Regents for Univ. of Okla.*, 841 F.3d 1129, 1131 (10th Cir. 2016). Because Mr. Pontius proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in

2

constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## II.  Sovereign Immunity

"The defense of sovereign immunity is jurisdictional in nature, depriving courts of subject-matter jurisdiction where applicable." *Normandy Apartments*, 554 F.3d at 1295. Thus, the party seeking to assert a claim against the government must identify a specific waiver of sovereign immunity to establish jurisdiction.  *See id.*  The waiver "must be unequivocally expressed in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citation omitted).

Like the district court, we can find no reference in Mr. Pontius's amended complaint either to the DOJ's immunity or to any statute capable of waiving that immunity.  In his district court brief opposing the DOJ's motion to dismiss, Mr. Pontius claimed that the constitutional right to petition the government nullified the DOJ's immunity, and that by being on social-media "[p]latforms," the government "signed [its] [s]overeign immunity away."  R. at 64.  The district court correctly rejected both arguments.  *See Christensen v. Ward*, 916 F.2d 1462, 1472-73 (10th Cir. 1990) (determining that the doctrine of sovereign immunity is consistent with the First Amendment right to petition the government for a redress of grievances); *Return Mail, Inc. v. U.S. Postal Serv.*, 139 S. Ct. 1853, 1862 (2019) ("Congress must unequivocally express any waiver of sovereign immunity for that waiver to be effective.").

On appeal, Mr. Pontius provides no coherent, relevant argument regarding a waiver of sovereign immunity.[1]  Indeed, his appellate brief is rife with implausible, incomprehensible, and/or prolix allegations against various public and private figures and institutions.  *See, e.g.*, Aplt. Br. at 12 (referencing "Nazi king rules" and declaring "[t]here is no rule of law[] in North America only dictatorship by corrupt agencies of an illegimate [sic] government protected under the color of law by judges" (capitalization omitted)).  Briefing of this nature waives appellate review.  *See Garrett*, 425 F.3d at 841 (holding that pro se litigant's "conclusory allegations with no citations to the record or any legal authority for support," together with his disrespectful comments about the district judge's integrity, "disentitle[d] him to [appellate] review"); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived.").

## CONCLUSION

We affirm the district court's judgment.  We deny Mr. Pontius's pending motions. *See* Fed. R. App. P. 27(a)(2)(A) (requiring that motions identify supporting legal argument).

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[1] To the extent Mr. Pontius cites 18 U.S.C. §§ 287 and 2071(b), neither statute waives the DOJ's immunity from his civil suit.  *See* 18 U.S.C. § 287 (providing criminal penalties for presenting a "false, fictitious, or fraudulent" "claim upon or against the United States, or any department or agency thereof"); *id.* § 2071(b) (providing criminal penalties and forfeiture of office if a records custodian unlawfully removes or destroys a record).