CLD-071                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2519
_____

CHARLES S. RENCHENSKI,
                                        Appellant

v.

FREDERIC J. AMMERMAN
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:23-cv-00065)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 15, 2024
Before:  KRAUSE, FREEMAN, and SCIRICA, *Circuit Judges*

(Opinion filed March 1, 2024)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Charles S. Renchenski, a Pennsylvania prisoner, appeals pro se from an order of the United States District Court for the Western District of Pennsylvania that sua sponte dismissed his complaint with prejudice for failure to state a claim. Because the appeal does not present a substantial question, we will summarily affirm.

Renchenski filed a complaint against Fredric J. Ammerman, the Pennsylvania Court of Common Pleas judge who dismissed as untimely Renchenski's second Post-Conviction Relief Act (PCRA) petition. (ECF 1-2.) Renchenski later filed an identical complaint (ECF 8) and a supporting a memorandum of law (ECF 9), alleging that Judge Ammerman acted "in clear absence of all jurisdiction . . . . [by] address[ing] the merits of [the] underlying claims after he adjudged the [PCRA] filing untimely." (ECF 8, at 4 of 10.) He also complained that Judge Ammerman "performed . . . personal investigations, provided potential defenses for the [Commonwealth,] and cited to legal authorities to support his defense theories." (ECF 9, at 27 of 41.) Renchenski sought only damages. (ECF 8, at 8-9 of 10.)

The matter was referred to a Magistrate Judge, who concluded that Renchenski's claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and, alternatively, that Judge Ammerman was entitled to judicial immunity. (ECF 12, at 2-4 of 4.) The Magistrate Judge also determined that amendment of the complaint would be futile. (*Id.* at 4.) Over Renchenski's objections (ECF 14), the District Court adopted the

2

Magistrate Judge's Report and Recommendation and dismissed the complaint with prejudice. (ECF 15.) Renchenski timely appealed. (ECF 16.)

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a sua sponte dismissal for failure to state a claim, like that of a dismissal on a party's motion under Federal Rule of Civil Procedure 12(b)(6), is de novo. *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm a decision of the District Court if the appeal does not raise a substantial question. 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The District Court properly determined that Judge Ammerman was entitled to immunity.[1] Judges are generally immune from civil suits for money damages for actions taken in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 9, 11 (1991) (per curiam). Renchenski's amended complaint focused on alleged errors in Judge Ammerman's adjudication of Renchenski's second PCRA petition. That adjudication clearly was a judicial act. *See Barrett v. Harrington*, 130 F.3d 246, 255, 257 (6th Cir. 1997) (holding that acts of adjudication, including the rendering of judgments and orders, are judicial acts).

Although immunity does not apply if the judge is sued for nonjudicial actions or actions "taken in the complete absence of all jurisdiction," *Mireles*, 502 U.S. at 11-12, neither exception applies here. Renchenski asserted that Judge Ammerman acted in the absence of jurisdiction because he performed "personal investigative acts" (ECF 9, at 29),

---

[1] In light of this conclusion, we need not address the District Court's alternative determination that Renchenski's claims were barred by *Heck*.

3

and because, after determining that the second PCRA petition was untimely, his opinion addressed the merits of the underlying claims. (ECF 8, at 4.) Renchenski's arguments are unavailing. The "personal investigative acts" cited by Renchenski apparently refer to Judge Ammerman's research into, and application of, relevant facts and law. (ECF 9, at 27; ECF 14, at 12-13 of 17.) There is no doubt that such acts were taken in Judge Ammerman's judicial capacity. *See Christensen v. Ward*, 916 F.2d 1462, 1477-78 (10th Cir. 1990) (holding that judges were entitled to judicial immunity in connection with their research, interpretation, and application of law). Similarly, Judge Ammerman's decision to address the merits of Renchenski's claims in the alternative is judicial in nature. *Cf. Taylor v. West Publ'g Co.*, 693 F.2d 837, 838 (8th Cir. 1982) (per curiam) (affirming District Court's conclusion that writing an opinion was a judicial act).

In sum, the District Court did not err in dismissing Renchenski's complaint based on Judge Ammerman's immunity. Furthermore, we agree that amendment of Renchenski's complaint would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Accordingly, we will summarily affirm the judgment of the District Court.[2]

---

[2] We note that in an "Appeal Brief" attached to Renchenski's notice of appeal, he argued that the Magistrate Judge and District Court Judge should have been recused from adjudicating his case. (ECF 16, at 7, 9-16.) Renchenski's conclusory allegations about adverse legal rulings fail to demonstrate that recusal is warranted. *See Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000).